Argued March 14; affirmed May 27; rehearing denied
September 9, 1930

# DILLER *v.* RIVERVIEW DAIRY

(288 P. 401)

*Robert F. Maguire* of Portland (Winter & Maguire of Portland, on the brief) for appellant.

*Paul R. Harris* of Portland (Davis & Harris of Portland, on the brief) for respondent.

BELT, J. This is an action for damages arising out of a collision between a motorcycle and a milk truck at the intersection of East 35th street and East Morrison street in the city of Portland. Reference to the following plat may be of assistance in understanding the issues:

Plaintiff offered evidence tending to show that the motorcycle on which he was riding as a guest, having no control over its operations, after proceeding in a southerly direction on East 35th street, entered the intersection at the rate of about 15 miles per hour. The dotted line leading from the arrow to the point marked X indicates the course of the motorcycle to point of collision as contended by the plaintiff. Plaintiff asserts that the motorcycle was on the right side of East 35th street; that, in turning to go east on East Morrison street, it went to the right of and around the center of the street intersection designated on the plat by the letter A. It is claimed that the truck which was traveling in a westerly direction in about the center of East Morrison street was being driven at a dangerous rate of speed, namely, in excess of 25 miles per hour, and that its driver failed to give the right of way to the motorcycle which had entered the intersection at approximately the same time.

Defendant offered evidence tending to show that, as the truck approached the intersection of these streets it was traveling at approximately 15 miles per hour, was on the extreme right side of East Morrison street, that the motorcycle, as it came south on East 35th street, cut the corner traveling at a speed of 35 to 40 miles per hour, and that its general course was as indicated by the dotted line on the plat leading to the letter O, where the defendant asserts the collision occurred. It is the theory of the defendant that, when the driver of the truck saw the motorcycle cutting in close to the northeast corner of the intersection, he attempted to swerve to his left in order to avoid a collision, and that the operator of the motorcycle, to avoid being struck, swerved to his right.

In view of the questions presented on appeal, we think this brief recital of the issues will suffice.

From a judgment and verdict in favor of the plaintiff the defendant appeals.

The principal error assigned is the refusal of the court specifically to instruct the jury in compliance with the request of counsel for defendant as to the street intersection centers, one of the vital issues being as to whether the motorcycle "cut the corner." This request was made in response to a question of a juror after the court had completed its instructions. To appreciate this assignment of error, it is deemed proper to set forth a part of the following colloquy in which the court, counsel, and juror participated:

"A Juror: Are you supposed to tell us where that intersection begins and ends?

"The Court: No.

"A Juror: You are not?

"The Court: No. No, I am not—where the intersection—

"A Juror (interrupting): There is a jog in the intersection, and what I am after is the line of the intersection on Morrison.

"The Court: Well, just a minute. It seems to me— I think the statute provides—

"Mr. Maguire (interrupting): As a matter of fact, there are two intersections there.

"A Juror: Whether it is one intersection, or two intersections. That is what I want.

"The Court: I think the statute provides—
    *       *       *       *       *

"Mr. Maguire: That only affects a dead-end street.

"Mr. Davis: I think that is right.
    *       *       *       *       *

"Mr. Davis (interrupting): The question is whether it is a dead-end street, and I think it is a question for the jury to pass upon; but, however, I am willing to have the statute read on it.

"Mr. Maguire: I think, your honor, in that connection, as a matter of fact there are two intersections

there, depending on which way one is traveling upon Morrison street.

"Mr. Davis: It depends upon which vehicle he is driving.

"Mr. Maguire: No; there would be two intersections for both vehicles.

"The Court: The term 'intersection' shall mean the point or place where one highway or public way joins another at an angle whether or not it crosses the same.

"Mr. Harris: That is the only definition.

"Mr. Davis: That is the only definition of an intersection that is given in the state laws, and that is the reason I wanted that read.

"Mr. Robert Maguire: Your honor, in this case you should instruct the jury in regard to the center of the intersection,—must be a matter of law and not a matter of fact. In other words, as we understand the law—perhaps I had better get this around where the Court can see it.

"Mr. Davis: Your honor, I object to any discussion on this question now. Your honor has read what the state laws are.

"The Court: I have read the definition of the term 'intersection' as given in the state law; I think that is sufficient,—

"A Juror: That is sufficient.

"The Court (continuing): for the jury.

"Mr. Maguire: If it may please the court, in view of the request of the juror for instruction upon this point, and not a matter which has heretofore come up, we at this time request the court to instruct the jury that the *center of the intersection* of East 35th street and Morrison street, for a vehicle approaching, going south on 35th street, *would be that square or oblong made by the prolongation of the east and west curb lines of 35th street north of Morrison street; and that the intersection would be where the median line of East Morrison street meets the median line of East 35th street.* In other words, that way (illustrating). While for a vehicle proceeding from the south to the north on East 35th street, the center of the intersection would be the median line of East 35th street, or the intersec-

tion of the median line of Morrison street and East 35th street south of Morrison street; and that the intersection itself consists of the prolongation of those two curbings.

"Mr. Davis: I object to any instruction being given other than what the Code provides,—the state law has provided. When the court reads the law of the state, laid down by the legislature, it looks to me like that should be definition enough.

"The Court: Well, I have read the definition under the state law as to what an intersection shall mean. Do you desire that read again? And I will not comment further on the question. The jury will retire.

"Mr. Maguire: The court is declining to give the instruction requested?

"The Court: I am not giving any further instruction. You may have an exception.

"Mr. Will Maguire: May it be conceded that the necessity for submitting this written request for instruction be waived?

"Mr. Harris: Sure; we don't raise any objection to the form of it.

"Mr. Robert Maguire: The point is that during the trial both parties have offered testimony in regard to the questions of the center of the intersection, and both parties have assumed that the center of the intersection for vehicles traveling south upon 35th street was the prolongation of those lines; and this stand now taken by Mr. Davis is a matter contrary to the position assumed by him, and by both parties, in the trial of the case, and is not raised until the juror made the inquiry.

"Mr. Davis: He is smarter than both attorneys."

On first impression the writer was inclined to believe that the refusal to give the above instruction requested by counsel for defendant was error, but further consideration has led to a different conclusion. Rule 32 of the circuit court of Multnomah county provides:

"If either party desires the court to give any particular instructions to the jury on any question of law,

such instructions, in writing, stated on separate sheets and numbered consecutively, must be served on the opposite party or the attorney for each party and submitted to the court before the first argument to the jury is begun.''

■■ True, counsel for plaintiff agreed to waive the requirements of the court rule as to the form and manner of submitting requested instructions, but we apprehend that court rules can not thus be abrogated. The wisdom of the rule was well demonstrated by what occurred in the instant case. After the court had finished the charge to the jury, counsel for defendant dictated into the record his requested instruction. There was no opportunity to give it careful consideration. Had it been given as requested it would have been subject to criticism in that the portion thereof which we have italicized is inaccurate and probably would have tended towards confusion. While we have no doubt as to what counsel had in mind, error can not be predicated, aside from any rule of court, upon the refusal to give an instruction which does not clearly, concisely, and accurately cover the point in issue. The court, in the exercise of its discretion, saw fit to read the statutory definition of ''street intersection.'' It is evident that the juror who made the inquiry was satisfied. Evidence was introduced on the theory that it was the duty of the driver of the motorcycle to go around the center of such street intersection and we have no doubt that the jury so understood it.

■ While we think it would have been better had the court instructed it was the duty of the operator of the motorcycle to go to the right and around the center of the intersection marked A on the plat, counsel can not complain in the absence of a specific request therefor. As stated in *State v. Smith,* 47 Or. 485 (83 P. 865):

"If counsel desires instructions on any particular point, he must so request at a seasonable time, and he can not sit by while the jury is being charged, and then complain because some particular instruction was not given or point covered."

■ It is entirely proper for a trial judge to insist on obedience to the court rules: *Bean v. Tripp,* 99 Or. 216 (195 P. 355). It is said in Randall's Instructions to Juries, § 480:

"The court is not bound to consider requests to charge which are not presented as required by the rules of the court, and the court may properly refuse instructions which are bad in form."

Also see 38 Cyc. 1768.

■ In the instant case the request for additional instructions did not in any way comply with the rules of the court. It was not error to refuse it.

■ We think there is no merit in the contention that the theory of plaintiff was unduly emphasized by the court in its instructions. Plaintiff had no control over the operation of the motorcycle. Even though the driver were guilty of contributory negligence, plaintiff would not have been precluded from recovery, if he acted only as an ordinarily prudent person would have acted under the circumstances. The charge, considered in its entirety, was, indeed, fair to the defendant. In view of what was said by this court relative to the instructions in the companion case of *Daniels v. River-view Dairy,* 132 Or. 549 (287 P. 77), we pass them without further comment. If defendant has any cause to complain, it is against the judgment of the jury on questions of fact. No error was committed by the trial court which would warrant a reversal.

The judgment is affirmed.

Coshow, C. J., and Bean and Brown, JJ., concur.