Argued October 13, affirmed October 26, 1960

# SLOTTE *v.* GUSTIN
## 356 P. 2d 435

*Thomas E. Edison,* Astoria, argued the cause for appellant. On the brief were Harold T. Johnson and Anderson & Edison, Astoria.

*Lawrence M. Dean,* Astoria, argued the cause for respondent. On the brief were Norblad, Wyatt, Macdonald & Dean, Astoria.

Before McAllister, Chief Justice and Warner, Perry, O'Connell and Howell, Justices.

HOWELL, J. (Pro Tempore)

Plaintiff brought this action to recover damages for personal injuries suffered in an auto accident when the car in which plaintiff was riding as a passenger collided with one driven by the defendant. The jury returned a verdict for the defendant, and plaintiff appeals. Plaintiff assigns error in certain instructions given by the court.

The court instructed the jury that the drivers of both vehicles had a duty to exercise reasonable care in keeping a lookout and that such duty should be applied to both drivers in determining whose negligence, if any, caused the accident.

■ While plaintiff's exception not only misstated the challenged instruction and was confusing, it appeared to be based in part upon the ground that the instruction was erroneous because negligence upon the part of plaintiff's driver was not pleaded. If the negligence of plaintiff's driver was the sole proximate cause of the accident, then defendant was not negligent. Evidence of such was admissible under a general denial. *Brindle v. McCormick Lbr. & Mfg. Corp.*, 206 Or 333, 293 P2d 221; *Whisnant v. Holland*, 206 Or 392, 292 P2d 1087.

■ In her brief plaintiff concedes "that the jury had the right to consider the possible negligence of the plaintiff's driver in determining whether or not the defendant should be held liable herein." However, she now complains that the court failed to instruct the jury that the defendant would only be relieved of liability if the jury found negligence on the part of

plaintiff's driver to be the sole proximate cause of the accident. The court did instruct the jury as follows:

> "It is not necessary that the plaintiff prove each and every one of the acts of negligence alleged in her complaint against the defendant before she could recover. It is sufficient if she proves that the defendant was guilty of any one or more of such alleged acts of negligence, and that such negligence was the proximate cause of some injury to her as alleged. *And this would be true notwithstanding the fact that negligence of the driver of the car in which plaintiff was riding may have contributed to the collision and to such injury.*" (Emphasis supplied.)

3. This was a correct statement of the law. *Tonseth v. Portland Ry., L. & P. Co.,* 70 Or 341, 141 P 868; *Edison v. Anderson,* 208 Or 470, 477, 302 P2d 561. If plaintiff desired an instruction in the language he now urges, he should have requested it. As he failed to do so, the question cannot be considered here. *Shearer v. Lantz,* 210 Or 632, 312 P2d 581; *Diller v. Riverview Dairy,* 133 Or 442, 288 P 401.

■ The plaintiff also asserts the court erred in instructing the jury on unavoidable accident. Her exception, as we understand it, was upon the ground that as unavoidable accident was not pleaded, the court could not instruct upon it. Unavoidable accident is not an affirmative defense and does not have to be pleaded. It presents nothing but an issue included in the general denial. *DeWitt v. Sandy Market, Inc.,* 167 Or 226, 115 P2d 184; *Frangos v. Edmunds,* 179 Or 577, 611, 173 P2d 596.

■ In her brief plaintiff attempts to assert entirely new grounds for excepting to this instruction. She is confined to the grounds set forth at the time of

trial and cannot urge other grounds here. *Whitehead v. Montgomery Ward & Co., Inc.,* 194 Or 106, 239 P2d 226; *Stose v. Heinrich and Horseny,* 199 Or 386, 261 P2d 675; *Davis v. Angell et al.,* 218 Or 443, 345 P2d 405.

Plaintiff's third assignment of error, also an exception to an instruction, cannot be considered because it is impossible to determine from the exception taken the specific grounds of plaintiff's objection. Neither did the exception point out to the trial court at the time the error now assigned in the brief. *Whitehead v. Montgomery Ward & Co., Inc.,* supra; *Davis v. Angell et al.,* supra.

■ Plaintiff's last assignment of error is based upon the failure of the trial court to give a requested instruction concerning the indicated speed of 25 miles per hour in a residence district. ORS 483.104(2).

There was no evidence that the defendant was driving as fast as 25 miles per hour, and there was no evidence that the scene where the accident occurred was a residence area within the definition set out in ORS 483.020(1).

At this point we emphasize that in general the exceptions taken were indefinite and confusing; they did not always refer to the proper instruction challenged, and the briefs raised new matters not presented to the trial court in the exceptions. However, we have read the transcript and the court's instructions. The trial was conducted with fairness, and the instructions were complete and carefully prepared. Plaintiff's only real grievance is the verdict of the jury.

The judgment is affirmed.