Argued June 30, affirmed July 8, 1964

LEATHERS *v.* SNOOK ET AL, HOWARD ET AL
393 P. 2d 764

*Thomas E. Cooney,* Portland, argued the cause for appellant Vera May Haupt. *Edwin J. Peterson,* Portland, argued the cause for appellant Clarence Howard. On the brief were Thomas E. Cooney and Maguire, Shields, Morrison, Bailey & Kester and James W. Morrell and Tooze, Powers, Kerr, Tooze & Morrell, Portland.

*James W. Lock,* Gresham, argued the cause for respondent. With him on the brief were McAllister, Burns, Gustafson & Lock, Gresham.

Before ROSSMAN, Presiding Justice, and SLOAN, GOODWIN and DENECKE, Justices.

## ROSSMAN, J.

This is an appeal by defendants Clarence Howard and Vera May Haupt from a judgment entered on a verdict in favor of plaintiff. Defendants Wilbur Snook and James Stone defaulted, a nonsuit was entered in favor of defendants Bertha Howard and Billy Haupt. The verdict awarded plaintiff $10,000 general and $1,053.50 special damages for injuries sustained in an automobile accident.

Plaintiff's injuries were sustained while he was driving a gasoline tank truck which became involved in a multiple car accident. All of the vehicles involved were proceeding in the same direction on a paved two-lane highway. The accident occurred at about 2:30 p.m. on a clear dry day; visibility was good.

The Snook and Stone vehicle (it was not shown

who was driving this automobile) came to a sudden unexpected stop in the middle of the traffic lane in which it was traveling. An automobile driven by Walter Richardson at a distance of 150 to 175 feet behind the Snook-Stone car swerved left and passed the stopped vehicle.

The car driven by defendant Howard, which was following Richardson at a speed of 55 miles per hour and at a distance of 175 to 200 feet, skidded up to the Snook-Stone automobile and slightly into the left traffic lane. Defendant Haupt's pickup truck, which had just passed plaintiff's tank truck, skidded into the rear of defendant Howard's car. There is a conflict in the evidence as to whether Howard's car skidded into or was pushed by the pickup into the rear of the Snook-Stone vehicle. The Haupt pickup came to rest in the left traffic lane; the Howard vehicle went off the edge of the roadway; and the Snook-Stone car remained stopped in the right-hand lane. Plaintiff, who was driving at a speed of 45 miles per hour, swerved left onto the highway shoulder and over an embankment where his truck overturned causing his injuries.

Defendants, though represented by separate counsel, consolidated their arguments into one brief. They offer three assignments of error.

The first assignment predicates error upon the omission to give a requested instruction on "emergency." The court gave an instruction incorporating the emergency doctrine which defendants assert was incorrectly worded. The error was nothing more than an inadvertent slip of the tongue. No exception was taken to this instruction. The issue is raised for the first time on appeal. Failure to except to an instruc-

tion given denies appellants the right to make the instruction a basis of error on appeal. *Brown v. Jones,* 137 Or 520, 3 P2d 768; *Frangos v. Edmunds,* 179 Or 577, 173 P2d 596; *Hesse v. Mittleman,* 145 Or 421, 27 P2d 1022; ORS 17.510. The instruction given gave the jury an adequate understanding of the applicable law.

The second and third assignments assert the court should have instructed the jury that Snook and Stone were negligent as a matter of law and their negligence was a proximate cause of the accident and that if this were the sole cause of the accident the verdict must be for the defendants Howard and Haupt. Such an instruction, defendants argue, was essential to give the jury the defendants' theory of the case.

The trial court did instruct that if the defendant Howard and Haupt's negligence, if any, were not a cause of the accident, the verdict must be in favor of Howard and Haupt. This, in effect, covered the same matter as that contained in defendants' requested instructions. It is true that it did not emphasize the effect of Snook and Stone's negligence as defendants' request would have. However, the form of the instruction covering the effect of a third party's negligence is usually within the trial court's discretion. See *Brindle v. McCormick Lumber & Mfg. Corp.,* 206 Or 333, 293 P2d 221. We hold that the giving of such an instruction was within the trial court's discretion in this case.

The assignments of error lack merit. The challenged judgment is affirmed.