Argued December 5, 1973, affirmed June 20, 1974

# SMITH, *Appellant, v.* WETHERELL ET AL, *Respondents.*

523 P2d 1272

*Robert L. McKee,* Portland, argued the cause and filed a brief for appellant.

*Thomas Sauberli,* Portland, argued the cause for respondents. With him on the brief were Vergeer, Samuels, Roehr & Sweek, Portland.

DENECKE, J.

The plaintiff was injured when the car in which

she was a passenger collided with defendants' car. The jury returned a verdict for the defendants and plaintiff appeals.

The plaintiff was riding in a Datsun going south on 122nd Avenue, a four-lane road. The defendants drove out of a Fred Meyer's store parking lot, from plaintiff's right, onto 122nd where they collided with the Datsun.

Plaintiff charged that defendants failed to yield the right of way to the Datsun. If the defendants entered 122nd Avenue from private property, the defendants were required to yield the right of way to plaintiff. ORS 483.206 (2). If the defendants entered 122nd Avenue from a public street, simultaneously with the approach of the Datsun, the defendants had the right of way since the defendants were on the right of the Datsun. ORS 483.202 (2). The trial court decided that whether the defendants entered 122nd Avenue from private property or from a public street was a disputed question of fact and instructed the jury accordingly. The plaintiff contends the trial court erred because the evidence conclusively proved that defendants entered 122nd Avenue from private property.

A photograph showed the point where defendants entered 122nd Avenue as a driveway type exit from a store parking lot. The official Tax Assessor's map, also in evidence, dated about two months before the collision, shows no street here. On the east side of 122nd Avenue, at this point, there is no street, but only buildings. If defendants did enter 122nd Avenue from a public street, it is blocked on the west by the Fred Meyer's store building.

A street sign, reading "S.E. Ivan Street," was on a telephone pole adjacent to the curb on 122nd Avenue at the point where defendants entered onto 122nd Avenue. The sign was similar in appearance to the other street signs in Portland; although there was only one sign and it faced south.

On oral argument, for the first time, plaintiff contended that defendants admitted in their answer that defendants entered from a private road. We do not so construe defendants' answer.

■ Plaintiff had the burden of proving that the exit was one from private property within the meaning of the right-of-way statutes. Plaintiff assumed this burden alleging defendants entered the public road from a parking lot and that they failed to yield the right of way.

■ We hold the trial court did not err in submitting to the jury the question of whether defendants entered 122nd Avenue from a public street or from a private road. The street sign was some evidence that the place was a public street. *Mid-County Cemetery District v. Thomason,* 267 Or 637, 518 P2d 174 (1974). But see *Nichols v. Union Pacific R. R. Co.,* 196 Or 488, 502, 250 P2d 379 (1952). The Tax Assessor's map is evidence that the area was not a public street, but it is not conclusive. The map was made for tax assessment purposes and not for the purpose of officially designating and locating public streets.

ORS 483.010 (2) on the date of the collision provided:

> "'Highway,' 'road' or 'street' means the entire width between the boundary lines of every way publicly maintained when any part thereof is open

to the use of the public for purposes of vehicular traffic * * *."

For the purposes of the right-of-way statutes (ORS 483.202-483.208), this statute defines a highway as any publicly maintained way open to the use of public vehicular traffic. There is no evidence that the exit was not "publicly maintained" or open to use by "public vehicular traffic."

■ Plaintiff also assigns as error the refusal of the trial court to permit the use of a "Portland Street and Vicinity" map published by Texaco in cross-examining defendant Franklin. The defendants objected upon the ground that it was not an official map. ORS 41.670 provides:

"Historical works, books of science or art, and published maps or charts, *when made by persons indifferent between the parties,* are primary evidence of facts of general notoriety and interest." (Emphasis added.)

This map shows on its face that it was "made by persons indifferent between the parties." The existence or nonexistence of a public street is clearly a "fact of general notoriety and interest."[1] No objection was made for lack of proof of such a foundation.

Any error, however, that the trial court may have made was not prejudicial. The Texaco map was not offered in evidence. The claimed error was in denying plaintiff the right to use the map in cross-examination. The assessor's map was received in evi-

---

[1] See 3 Wigmore, Evidence (Chadbourn rev 1970), 218, 243, §§ 790, 794. See, also, Eckleberry v. Kaiser Foundation, 226 Or 616, 621, 359 P2d 1090 (1961). In any event, and as previously stated, this map was not conclusive evidence of the nonexistence of a public street.

dence. The plaintiff could have recalled Franklin and used the assessor's map in assisting cross-examination.

Plaintiff assigns as error the trial court's failure "to instruct the jury that if the plaintiff's injuries were caused by the negligence of both drivers, she would still be entitled to recover against defendant."

The plaintiff did not submit a written requested instruction on the subject. At the close of the trial court's instructions, counsel for plaintiff stated:

> "Plaintiff further excepts to the Court failing to instruct the jury that if the plaintiff's injuries were caused by the negligence of both drivers, she would still be entitled to prevail against defendant. The Court indicated during recess that that instruction would be given, however, that instruction was not given."

The trial court responded:

> "Well, I'm sure I did. After I got through instructing on negligence, I said that the plaintiff is entitled to prevail if they find that the defendant's negligence caused this accident or contributed to it. Then I went on to say if they find that the sole and proximate cause of the accident was the negligence of the driver of the car in which she was a passenger, then they return a verdict for the defendant."

Defendants state in their brief:

> "From the record it appears that the plaintiff did not request in writing an instruction on concurrent negligence, although some discussion on the subject apparently occurred in chambers."

We have repeatedly held:

> "* * * If plaintiff desired an instruction in the language he now urges, he should have requested it. As he failed to do so, the question cannot be considered here. * * *." *Slotte v. Gustin*, 224 Or 426, 429, 356 P2d 435 (1960).

The reason for the rule is illustrated by this case. The court and plaintiff agreed an instruction should be given on this general subject. It was, and plaintiff objects to the specific phraseology the court used. If plaintiff desires specific phraseology, she should notify the court by requesting it.

We will not consider this assignment of error.

■ On this subject the trial court did instruct the jury:

"Now as far as this negligence issue is concerned, there has been evidence also in the case of the manner in which the driver of the car in which the plaintiff was riding is concerned. In order for the plaintiff to prevail in this case, members of the jury, you must find either that the defendant's negligence caused this collision or contributed to it. If you find that the negligence of the driver of the car in which the plaintiff was riding was the sole and proximate cause of the collision, then of course, the plaintiff cannot recover and you must find in favor of the defendant."

Plaintiff's only exception to this instruction was: "I would take exception to that instruction because there is no evidence of any negligence on the part of the plaintiff's driver."

Plaintiff does not assign as error the trial court's overruling her exception and does not attempt to rebut defendants' contention that there was evidence that plaintiff's driver was negligent in respect to speed and lookout.

The trial court's instruction is not a model instruction on this subject; however, it is literally correct. The court instructed the jury that the plaintiff could prevail if the defendants' negligence caused or con-

tributed to the collision; however, plaintiff could not recover if plaintiff's driver was the sole cause of the collision.

This court has granted the trial court considerable discretion in the form of the instruction on the effect of a third party's negligence. In *Leathers v. Snook,* 238 Or 177, 393 P2d 764 (1964), the defendants Howard and Haupt contended that the trial court erred in not instructing the jury that if the negligence of Snook and Stone was the sole cause of the accident the verdict must be for defendants Howard and Haupt. We held no error was committed:

> "The trial court did instruct that if the defendant Howard and Haupt's negligence, if any, were not a cause of the accident, the verdict must be in favor of Howard and Haupt. This, in effect, covered the same matter as that contained in defendants' requested instructions. It is true that it did not emphasize the effect of Snook and Stone's negligence as defendants' request would have. * * *." 238 Or at 180.

In *Lovins v. Jackson,* 233 Or 369, 378 P2d 727 (1963), plaintiffs requested the following instruction:

> " 'If you should find that the defendant was negligent, and that his negligence was the proximate cause of the plaintiff's damages, if any, but that the negligence of a third party, not a party to this case, contributed to the accident, you are instructed that the negligence, if any, of such third party is not material to your decision in this case, and has no effect upon the liability, if any, of the defendant to the plaintiff.' " 233 Or at 382.

We held the trial court did not err in failing to give such instruction and commented:

> "An instruction on this subject is proper if the trial court determines that as the case developed the

jury may be uncertain on the matter. Again, whether or not to cover this with a specific instruction is ordinarily within the trial court's discretion. The court did instruct more generally that if the defendants were negligent and such negligence was the proximate cause of injury to plaintiff, and plaintiff was not himself negligent in a manner which was a contributing cause of his injury, plaintiff was entitled to recover. * * *." 233 Or at 382.

The instruction given in the instant case was not reversible error.

Affirmed.

TONGUE, J., dissenting.

I must respectfully dissent because, in my opinion, the trial court erred in failing to instruct that if plaintiff's injuries were caused by the negligence of both drivers she would still be entitled to prevail against defendants and thus failed to inform the jury of the rule of law that any negligence by the driver of the car in which the plaintiff was riding as a passenger was not imputable to her.

The majority says that the instruction given by the trial court is "literally correct"; that "this court has granted the trial court considerable discretion * * * on the effect of a third party's negligence"; and that "the instruction given in the instant case was not reversible error."

The instruction given by the trial court was as follows:

"Now as far as this negligence issue is concerned there has been evidence also in the case of the manner in which the driver of the car in which the plaintiff was riding is concerned. In order for the plaintiff to prevail in this case, members of the

jury, you must find either that the defendant's negligence caused this collision or contributed to it. If you find that the negligence of the driver of the car in which the plaintiff was riding was the sole and proximate cause of the collision, then of course, the plaintiff cannot recover and you must find in favor of the defendant."

It may be that there was a possible implication in this instruction that if plaintiff's injuries were caused by the negligence of both drivers, she would still be entitled to prevail. In my opinion, however, any such implication was far from clear to the ordinary juror.

In a case such as this the well established rule of law that the negligence of the driver is not to be imputed to the plaintiff as a passenger is of fundamental importance and is a rule on which the jury should have been instructed in clear and express terms. This is because the ordinary juror may well be under the impression that a passenger in a car cannot recover for injuries suffered in a collision with another car if the driver of the car was negligent, even though the driver of the other car may also have been negligent.

For these reasons, the failure to give a clear and accurate instruction in such a case on imputation of negligence, at least when requested, is a "basic and fundamental error" and one that goes "to the heart" of the case. See *Finkelstein v. McClain,* 331 Pa 198, 200 A 596, 597 (1938). To the same effect, see *Atkinson v. Roth,* 297 F2d 570, 575 (3d Cir 1961), and *Ross v. Wilcox,* 190 Cal App 2d 213, 217, 11 Cal Rptr 588 (1961). See also *Eid v. Larsen et ux,* 200 Or 83, 85, 264 P2d 1051 (1953), and Oregon State Bar Uniform Jury Instructions, No. 72.03. Cf. *Raffaele v. McLaughlin,* 229 Or 301, 304-307, 366 P2d 722 (1961).

It is true that plaintiff did not request an instruction in terms of the legal rule on imputation of negligence. Plaintiff requested an instruction which would have informed the jury of the consequences of that rule, as applied to the facts of this case, in requesting the court to instruct the jury that "if plaintiff's injuries were caused by the negligence of both drivers, she would still be entitled to prevail against defendant." No written request, however, was made for that instruction. As a result, plaintiff has no right to complain of the failure to give that instruction. *Diller v. Riverview Dairy,* 133 Or 442, 448, 288 P 401 (1930).

The clear effect of the subsequent discussion, however, was to object and except to the instruction as given by the trial judge upon the ground that it was an improper and incorrect instruction because it did not inform the jury that if plaintiff's injuries were caused by the negligence of both drivers, she would nevertheless be entitled to recover.

Not only did the trial court fail to correct its instruction to the jury when its attention was called to that omission, but the instruction that was given by the trial court emphasized the negligence of plaintiff's driver. Thus, instead of informing the jury that the negligence of plaintiff's driver was not to be imputed to the plaintiff so as to bar recovery, the instruction stated only its counterpart, the rule that if the negligence of the driver of the car was the sole and proximate cause of the collision, plaintiff could *not* recover. To instruct on either of these rules without stating the other was worse than to instruct on neither. Standing alone, the instruction given was positively misleading. Hearing it, the average juror might well have

been confused, if not misled with reference to difference between the non-imputation of the driver's negligence to his passenger (which was not explained to him, but at most was "implied"), and the problem of proximate cause — a subject on which even lawyers and judges become confused on occasion.

In *Williams et al v. Portland Gen. Elec.,* 195 Or 597, 610, 247 P2d 494 (1952), although under different facts, we said that:

"\* \* \* Everything which is reasonably capable of confusing or misleading the jury should be avoided. Instructions which mislead or confuse are ground for a reversal or a new trial."

In this case plaintiff has no right to complain on this appeal because her attorney not only failed to make a written request for a proper instruction, but took no assignment of error from the overruling of her exception to the instruction as given by the trial court. It does not follow, however, that the judgment of the trial court must necessarily be affirmed.

In the often-quoted case of *Archambeau v. Edmunson,* 87 Or 476, 487, 171 P 186 (1908), it was recognized that despite the limitations imposed upon the granting of new trials by Article VII, § 3, of the Oregon Constitution, a court of this state may nevertheless order a new trial on its own motion for error which, if properly excepted to, would have been sufficient cause for the reversal of a judgment "if the court is satisfied that a party has not had his case properly presented."

In *Kuhnhausen v. Stadelman,* 174 Or 290, 311-12, 148 P2d 239, 149 P2d 168 (1944), the circumstances were somewhat similar to those involved in this case

in that it also involved an improper instruction which was described as of such importance that the resulting error "went to the core of the case." Despite the fact that no exception was taken to that instruction, it was thus held that "the error is one appearing on the face of the record which we are authorized to take notice of by Rule 2 [now Rule 6.18] of the rules of this court." Because the instruction was "misleading" and the case was "a close one upon the evidence," the case was remanded for a new trial.

Other cases in which this court did not hesitate to order a new trial under somewhat similar circumstances are the leading cases of *Sorenson et ux v. Gardner et ux,* 215 Or 255, 264, 334 P2d 471 (1959), and *Kraxberger v. Rogers,* 231 Or 440, 456, 373 P2d 647 (1962). Those cases also involved erroneous instructions to which no proper exceptions had been taken.

In *Atkinson v. Roth, supra* at 575, under facts even more similar to those involved in this case, and after holding that the failure to give a proper instruction on the legal consequences of the relationship between driver and passenger was "basic error," the court went on to hold as follows:

> "We are not unconcerned with the failure of counsel to perceive and bring to the attention of the court, on the record, such matter. But, the function of the trial judge necessarily extends beyond conclusive reliance upon counsel. It is the administration of justice with which we are dealing, and this includes the prevention of a miscarriage of justice."

See also *Horowitz v. Bokron,* 337 Mass 739, 151 NE2d 480, 485 (1958), and *Gerard v. Kenegson,* 151 So 2d 26 (Fla App 1963).

In this case, however, plaintiff's attorney did bring the attention of the trial court to this matter, although he did not do so in a strictly proper manner. After examining the entire record, I believe that this is a proper case for application of the rule of *Kuhnhausen, Sorenson* and *Kraxberger.*

For reasons previously stated, it is of "fundamental importance" in such a case that the jury be given a clear and accurate instruction that the negligence of the driver of a car is not to be imputed to a passenger, who may recover for injuries suffered in a collision with another car even if both drivers were negligent, unless the negligence of the driver of plaintiff's car was the sole cause of the accident. Also, for reasons previously stated, the instruction given by the court in this case was affirmatively confusing and misleading.

In my opinion, under the facts of this case, including the critical importance of the question whether the driver of the car in which plaintiff was riding had the right of way (depending upon whether defendant's car entered S.E. 122nd Avenue from a private driveway or from a public street at an "uncontrolled intersection"), the jury may well have been confused and misled by the instruction given by the trial court and it should have clearly informed the jury that any negligence by plaintiff's driver was not imputable to her and that if her injuries were caused by the negligence of both drivers, she would nevertheless be entitled to recover. Under these circumstances, I would hold that this case should be remanded for a new trial. For these reasons, I must respectfully dissent.