Argued June 15, affirmed September 7, 1960

# JIMISON ET UX *v.* FRANK L. McGUIRE, INC.
### 355 P. 2d 222

*Clifford E. Nelson,* Portland, argued the cause for appellant. On the brief were Phelps, Nelson & Shepherd.

*Dwight L. Schwab,* Portland, argued the cause for respondents. On the brief were Hutchinson, Schwab & Burdick.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL and MILLARD, Justices.

PERRY, J.

Plaintiffs brought this action to recover damages, arising from fraud, against defendants Frank L. McGuire, Inc., an Oregon corporation doing business as a real estate broker, and T. I. Rogoway, employed as a salesman. The jury returned a verdict against both defendants for the sum of $8,700, and the defendant Frank L. McGuire, Inc., appeals.

For convenience, in this opinion we will refer to the defendant Frank L. McGuire, Inc., as McGuire and to the defendant T. I. Rogoway as Rogoway.

The record discloses that plaintiffs listed their home for sale with McGuire and that when McGuire was unable to find a cash purchaser it was agreed that this home should be exchanged for other property. After a series of involved trades, not necessarily pertinent to the issues in this case, the plaintiffs found themselves the owners of a store building and a grocery business operated therein. Plaintiffs, not wishing to continue with this property, sold and disposed of most of the stock of merchandise, retaining only the store fixtures and the frozen food locker equipment, and listed the building and equipment with McGuire for sale at a price of $30,000. The plaintiffs informed Rogoway, an agent of McGuire, that they were interested in purchasing a farm. Rogoway noticed an advertisement of another real estate broker which listed for sale a farm in Clackamas county and contacted Mr. Cronin, the broker. A Mrs. Pyle had listed the farm with Mr. Cronin. Sometime later an agreement was worked out through the defendants for an exchange of the business building and equipment for the farm property. It was out of this exchange that this litigation arose.

Mrs. Pyle informed Rogoway that if he would find a purchaser for the equipment and an operator of the grocery store she would be interested in making the exchange with the plaintiffs. Rogoway agreed to try to find a purchaser and produced as purchasers a Mr. and Mrs. Clifford, who were represented to be the owners of a slaughterhouse of the value of $16,000.

The plaintiffs told Rogoway they were willing to make the exchange with Mrs. Pyle and would assume the mortgage upon the farm land if Mrs. Pyle would assume the mortgage indebtedness upon the store

building and execute a second mortgage in the sum of $8,700, which would represent the balance of the difference in the agreed values of the properties.

A contract for the exchange of these properties was then drafted by Rogoway and signed by the plaintiffs, but not by Mrs. Pyle as she did not want to operate a grocery business. At this point, Rogoway advised the plaintiffs he had found a Mr. and Mrs. Clifford who had agreed to purchase the grocery store equipment from Mrs. Pyle for the sum of $8,700, if the exchange was effected; that the Cliffords were the owners of a slaughterhouse which had a value of $16,000 with only $600 indebtedness against it, and that instead of accepting a second mortgage from Mrs. Pyle on the property they were exchanging they should accept as payment of the $8,700 a mortgage to be executed by Mr. and Mrs. Clifford upon the slaughterhouse. Through these means an exchange of properties was then effected.

■ There is substantial evidence from which a jury could find that the representation that the Cliffords were the owners of a slaughterhouse of the value of $16,000 with only $600 indebtedness thereon was false and known to be false by the defendants; that the note and mortgage executed by the Cliffords was valueless; and that the plaintiffs relied upon the representations of the defendants to their damage.

McGuire's first assignment of error is that the trial court failed to sustain his objection to a hypothetical question asked of an expert witness, the objection being as follows:

"Now, I am objecting to this for the reason that it is incompetent, irrelevant, and immaterial and not a proper foundation laid. The question—not a question of expert evidence as to—ask a

question of somebody that hasn't seen the property. Your Honor, clearly this is not admissible." The defendant's argument is that "[t]he testimony did not bear out the statement as it appears in the question. The question included personal property and there was no personal property involved. There was no testimony that the purchasers had no assets."

■■ The objection as made was general in nature and did not advise the trial court of the contention now made on appeal. Such an objection comes too late for it is the duty of a party to point out his reasons for objecting to the trial court so that they may be fully considered in that court. It will not do for a party to lie in wait and if defeated seek a reversal upon an objection to the introduction of evidence on grounds not made to the trial court. *Cobb v. S., P. & S. Ry. Co.,* 150 Or 226, 44 P2d 731; *Goldfoot v. Lofgren,* 135 Or 533, 296 P 843; *Hamilton v. Kelsey,* 126 Or 26, 268 P 750.

McGuire also complains of the trial court's failure to sustain his objection to evidence offered to show the value of the grocery business as a going concern while operated by the parties from whom the plaintiffs purchased. McGuire also moved for a mistrial because this evidence was admitted and requested an instruction, which was denied, that this evidence should not be considered by the jury in arriving at its verdict.

■ While the evidence offered and received was not material to the issues in the case, the error was technical rather than substantial, and, after a complete examination of the record, we are unable to discover wherein this evidence could have materially prejudiced the defendants.

The judgment of the trial court is affirmed.