Samuel H. Hoestadter, J.
Defendant moves to dismiss the complaint on the ground, inter alia, that the court lacks jurisdiction of the person of the defendant, who is a resident and domiciliary of the Virgin Islands.
Plaintiffs are New York attorneys who bring this action to recover for legal services rendered defendant’s wife, also a domiciliary of the Virgin Islands, in connection with her marital *79 difficulties with defendant. A divorce action, commenced in December, 1965, in the Virgin Islands, is still pending.
Service of the complaint in this action was made pursuant to CPLR 302, the so-called “ long-arm ” or “ single-action ” statute, specifically paragraph 1 of subdivision (a) thereof, which provides for the court’s exercise of personal jurisdiction over nondomiciliaries who transact “any business within the state”.
Defendant argues that the statute applies to business of a commercial nature only, and not to transactions involving matrimonial and support disputes, and that the instant cause of action did not arise out of any business contemplated by the statute. Invoking CPLR 3211 (subd. [a], pars. 1, 5) defendant also urges that an order of the Virgin Islands court granting an application for the wife’s counsel fees, pendente lite, bars the present action; that the action is further barred under CPLR 3211 (subd. 4) because of the pendency of another action; that the complaint fails to state a cause of action (CPLR 3211, subd. [a], par. 7); and that CPLR 302 (subd. [a], par. 1), when read in conjunction with CPLR 3211 and the time limitation of CPLR 2214 (subd. b), violates due process when applied to a nonresident defendant.
The complaint alleges that defendant’s wife retained plaintiffs in September, 1965, after her husband had expressed to her his desire to divorce her, to settle their financial affairs and to provide for her financially. The opposing affidavit states that Mrs. Schlesinger retained plaintiffs in person in New York. When retained, plaintiffs were informed by Mrs. Schlesinger that defendant had told her that he would be represented by a named New York lawyer, who customarily represented defendant in other matters. Subsequently, plaintiffs entered into extensive negotiations with defendant’s New York counsel, which continued from the time plaintiffs were retained until they were discharged in 1966, well after the commencement of the divorce action in the Virgin Islands. Plaintiffs argue that the facts thus amply sustain the jurisdiction of this court under CPLR 302.
Disposing of defendant’s contentions in reverse order, the court holds that CPLR 302 does not offend the due process requirements of the United States Constitution. CPLR 2004 provides adequate means of accommodating parties who are unable to comply with the time limitations of CPLR 320.
Nor does defendant establish that the complaint fails to state a cause of action (Dravecka v. Richard, 267 N. Y. 180,182).
Likewise, CPLR 3211 (subd. [a], par. 4) furnishes no basis for dismissal of the complaint. The divorce action pending in the Virgin Island is neither for the same cause of action as this one, *80 nor is it between the same parties. Moreover, discharged attorneys, who represented a wife prior to and after the commencement of a divorce proceeding, can hardly be barred from suing for the reasonable value of their service not connected with the action by the fact that the court having jurisdiction of the divorce proceeding has granted what is admittedly “ interim ” attorney’s fees.
Reaching then the question of the validity of the service of the summons pursuant to CPLR 302, defendant misapprehends the basis for such service. It is the contractual relationship established between plaintiffs and defendant’s wife and defendant’s participation therein, not the matrimonial action in the Virgin Islands. As indicated, after plaintiffs were retained by the wife they engaged in extensive negotiations with defendant’s attorney; and all of this took place in New York. If this be so, there can be little doubt that the minimum contacts test has been met (International Shoe Co. v. Washington, 326 U. S. 310; Longines-Wittnauer Watch Co. v. Barnes & Reinecke, 15 N Y 2d 443). “ The test under CPLR 302 (subd. [a], par. 1) is not whether there are sufficient contacts, but simply whether the defendant has transacted any business within the State, so long as the cause of action arises from any such transaction ’ ’ (Schneider v. J & C Carpet Co., 23 A D 2d 103,105). A wife may bind her husband to pay for legal services rendered to her as necessaries (Dravecko v. Richard, 267 N. Y. 180, 182, supra). Her engagement of a New York attorney and his rendition of legal services in New York in which defendant played a material part constitute the transaction of business in New York by defendant (see Nasaw v. Safford, N. Y. L. J., Feb. 4, 1966, p. 20, col. 5). The motion is therefore, denied.