Argued June 8, affirmed June 21, 1967

MILLER, *Appellant, v.* THOMA, *Respondent.*

429 P. 2d 575

*Richard T. Kropp,* Albany, argued the cause for appellant. With him on the briefs were Sam Kyle and Willis, Kyle, Emmons & Kropp, Albany.

*Walter J. Cosgrave,* Portland, argued the cause for respondent. With him on the brief were James K. Belknap and Maguire, Shields, Kester & Cosgrave, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN and DENECKE, Justices.

DENECKE, J.

Plaintiff was a passenger and contends she was injured when the automobile in which she was riding was struck in the rear by the vehicle operated by defendant. The vehicle in which plaintiff was riding was forced to stop because the vehicle ahead of it stopped. The jury returned a verdict for the defendant and plaintiff appeals.

■ Plaintiff contends that the trial court erred in failing to give plaintiff's requested instruction to the effect that the concurring negligence of a third person does not relieve the defendant of liability if he is also negligent. In the appropriate case the giving of a properly drawn instruction upon this subject is not error. In this case, however, the trial court approached the problem differently and instructed, in effect, that if the plaintiff proved that the defendant was negligent in any one or more particulars charged and such negligence was a cause of damage to the plaintiff, plaintiff was entitled to recover. This approach may not be as favorable to plaintiff as she would have liked, but the trial court did not err in so instructing and in not giving the requested instruction.

The trial court gave the common emergency instruction, which plaintiff contends is error. Plaintiff contends that the instruction was not applicable because the defendant's negligence created the emergency and defendant had no alternative courses of conduct from which to choose.

■■ Defendant's negligence was a question for the jury. The jury could have found the defendant had three choices in meeting the emergency: he could have swerved to the right off the road; he could have crowded a car overtaking and passing him on his left; or he could have put on his brakes, which he did.

Affirmed.