Argued February 6, affirmed February 28, 1968

PARSONS, *Appellant, v.* LEAVITT, *Respondent.*

437 P. 2d 843

*James O. Goodwin,* Oregon City, argued the cause for appellant. With him on the brief were Jack, Goodwin & Anicker, Oregon City.

*Carrell F. Bradley,* Hillsboro, argued the cause for respondent. With him on the brief were De Mar L. Batchelor, and Schwenn, Bradley & Batchelor, Hillsboro.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff was injured when she fell after dark from a hard-surfaced area surrounding the back of a small information booth in Fort Stevens State Park in Clatsop County. The park is state owned and is operated and maintained by the State Highway Department. Several of its higher echelon officers and employes were eliminated on motions raising the defense of governmental immunity. Leavitt, the one remaining defendant, was the resident supervisor of the park. Plaintiff alleged in her second amended complaint that defendant was negligent in six respects, causing the injury. These were reduced to two by motions. They are: (1) failure to warn plaintiff of the sudden drop-off; (2) failure to light or fence the drop-off area, or request authorization for such lighting or fencing. Defendant generally denied negligence and alleged plaintiff was contributorily negligent in that she failed to keep a proper lookout and to use walkways provided. Defendant prevailed in a jury trial. Plaintiff's appeal alleges error in refusal of the trial court to give a requested instruction on concurrent negligence (Uniform Jury Instruction 12.15), and in "sustaining ob-

jections to questions concerning erection of a handrail immediately after the accident."

■ First assignment: Plaintiff argues that it was apparent to the jury that if there was negligence in the particulars alleged and submitted, it existed on the part of defendant's superiors as well as himself, and they were not before the court. Therefore, they should have been instructed that where the concurrent negligence of more than one causes injury, recovery can be had against each separately. The court gave instructions which allowed recovery against defendant if an allegation of negligence against him was proved and it was a proximate cause of the injury. *Miller v. Thoma*, 247 Or 331, 429 P2d 575 (June 21, 1967), is directly in point. There we held that though the approach of the trial court may not be as favorable to plaintiff as she may desire, it is not error. As noted therein, such an instruction as plaintiff requested may be given and that, too, would not be error.

■ Second assignment: Plaintiff sought to show that immediately after the accident a guard railing was erected to protect against future such accidents. The purpose was to show that by erecting the railing defendant demonstrated that he did have the authority to do it. An offer of proof was made, which developed that defendant had to get authority from his superior before he did erect the railing. The trial court initially was not clear on admissibility, but indicated a negative ruling, in accordance with the general rule that evidence of repairs or safety measures after an accident may not be produced to prove antecedent negligence. When taking of evidence was resumed before the jury, the erection of the railing and of a fence to replace the railing did come out, and the court instructed the jury to disregard it.

██ Such evidence is admissible as an exception to the general rule for the purpose of showing defendant's control or authority. *Hendrickson v. City of Astoria,* 127 Or 1, 270 P 924 (1928). But when the evidence was produced on the offer of proof it did not bear out the contention made for it. No evidence was ever produced to indicate the defendant could erect such a railing without specific authority from his superior. The evidence refused by the court was properly refused; then, the substance of it came out anyway and the court properly instructed the jury to disregard it.

In questions after the court's instruction to disregard, plaintiff's counsel asked the defendant:

"Q And whatever changes have been made since Mrs. Parson's accident in connection with this particular feature of the premises have been made simply with the permission of your supervisor. Is that correct?

"A Yes, I believe so . . ."

No objection was made to this and three following questions and answers on the subject of "changes" or "corrections" after the accident. The jury knew the subject was guard railings erected the day after the accident. Even though the plaintiff was not prejudiced by the court's earlier rulings, the same evidence, in effect, came before the jury.

Judgment is affirmed.