Argued December 8, 1969, affirmed March 11, 1970

DICKINSON, *Respondent, v.* LEER, *Appellant.*

465 P. 2d 885

*Henry J. Camarot,* Springfield, argued the cause for appellant. On the brief were Sanders, Lively, Camarot & Wiswall, Springfield.

*James K. Buell,* Portland, argued the cause for respondent. With him on the brief were Robert P. Dickinson and Phillips, Coughlin, Buell & Phillips, Portland.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN,* DENECKE and HOLMAN, Justices.

PERRY, C. J.

The plaintiff brought this action to recover for services rendered as an attorney on behalf of Dr. R. Harrison Leer.

In 1965 Jean E. Leer, wife of Dr. Leer, commenced a suit for divorce in the Circuit Court of Jackson County, Oregon, where the parties resided. Dr. Leer, an ophthalmologist, had practiced in Alaska prior to moving to Oregon, and continued to return to Alaska to carry on his work. The trial of the divorce case was postponed on several occasions and the doctor subsequently requested that his then attorneys withdraw as he had obtained counsel in Portland, Oregon. The doctor's former counsel then withdrew and the plaintiff was retained. The trial of the divorce case was commenced and a decree entered therein.

---

* Goodwin, J., resigned December 19, 1969.

After the divorce case was terminated Dr. Leer established his residence in Alaska. Plaintiff tendered to the doctor a bill for his services, including expenses. Upon the doctor's refusal to pay, the plaintiff brought this action and service of summons was had upon the doctor in Alaska. A motion to quash the service of summons was made by the doctor, which motion was overruled.

Prior to the trial of the issues, Dr. Leer died and Jean E. Leer, as administratrix of his estate in Oregon, sought to be and was substituted as defendant and appeared in the cause.

The cause was tried to the jury and a verdict returned for the plaintiff. From the judgment entered the defendant appeals.

The defendant assigns as error the refusal of the trial court to quash the service of summons made personally upon Dr. Leer in Alaska.

It is argued that the retaining of the plaintiff by Dr. Leer to represent him was a non-commercial act and thus did not arise out of "[t]he transaction of any business within this state" that would authorize personal service upon him in Alaska as required by ORS 14.035.

■ The statute uses the adjective "any" which it has been said has a well-defined meaning, yet upon examination it appears it is a word that has several meanings. 3 CJS 1398. However, as used in ORS 14.035, it appears to us that the legislature intentionally used the word "any" in an unrestricted and comprehensive sense to include every legitimate business transaction, regardless of its nature, and is not to be limited to the sale, purchase or exchange of commodities. "[T]he word 'any' is an adequate term with

which to express the idea of "every.'" *Pugsley v. Smyth,* 98 Or 448, 478, 194 P 686.

■ The facts in this case disclose not only that the contract of employment of the plaintiff by Dr. Leer was entered into in the state of Oregon but that all services performed by the plaintiff for and on behalf of the doctor were performed in the state of Oregon. The entering into the contract of employment in the state of Oregon satisfies the statute and if contacts within the state are necessary to satisfy "due process" then certainly more than minimal contacts existed. Dr. Leer's matrimonial difficulties, together with the distribution of Oregon real property in which he had an interest were affected by the divorce case at which he personally was present. *Strasser, Spiegelberg, Fried & Frank v. Schlesinger,* 278 NYS2d 427, 53 Misc 2d 78.

The defendant also asserts that the trial court committed error in failing to sustain her objection to hypothetical questions put to the lawyers called by plaintiff to testify as experts as to the reasonableness of the attorney's fee fixed by plaintiff for the services rendered to Dr. Leer. Defendant's objection is as follows:

"MR. CAMAROT: At this time I'm going to object to the narrative presentation. I understand a hypothetical question sets forth the work alleged that was performed. I'm not sure in this case the narrative question is proper in the form it is being delivered. We submit that the proper hypothetical is to say that Mr. Dickinson performed the following work, A, B, C, D, E, and F. We submit to the Court that there can be some facts suggesting that the case may have had certain complications. We submit to the Court that the narrative form is just repeating a large set of circum-

stances which we do not believe this witness as an expert need have.

"It is objectionable and we would accordingly object."

The defendant's objection goes only to the form of the question, is entirely general, and does not specify in what respect the question included objectionable material, assumed facts not in evidence or was irrelevant or immaterial.

■ A general objection which fails to call the attention of the court specifically to objectionable parts of a hypothetical question to assist the court in its ruling and to permit counsel to eliminate the objectionable portions waives the claim of error on appeal. *Jimison et ux v. Frank L. McGuire, Inc.,* 223 Or 499, 355 P2d 222; *Cobb v. S., P. & S. Ry. Co.,* 150 Or 226, 44 P2d 731; *Hamilton v. Kelsey,* 126 Or 26, 268 P 750.

The defendant sets forth other assignments of error but we find them to be without merit.

The judgment is affirmed.