Argued May 4, reversed and remanded May 28,
petition for rehearing denied June 23, 1970

GENGER, *Appellants, v.* CAMPBELL, *Respondent.*
469 P2d 776

*Gary N. Peterson*, Portland, argued the cause for appellants. With him on the briefs were Peterson, Chaivoe & Peterson, Portland.

*Carl G. Helm*, La Grande, argued the cause and filed the briefs for respondent.

Before McAllister, Presiding Justice, and Sloan, O'Connell, Denecke, Holman, Tongue and Howell, Justices.

TONGUE, J.

These two personal injury cases, involving a husband and wife who were injured in the same automobile accident, were consolidated for trial, before the same jury, along with the case of Mark Emery Genger, their six-year-old son, by Edna M. Stanley, his guardian ad litem. All three cases resulted in verdicts and judgments for the defendant, from which appeals were taken in these two cases, but not in the third case.

The accident involved a collision between an automobile driven by defendant and the camper truck in which Kirk and Phyllis Genger were riding in the front seat, with their son, Mark, between them. Defendant's answers in these two cases alleged, as affirmative defenses, that both of these plaintiffs were guilty of contributory negligence in failing to fasten and keep fastened seat belts with which the pickup truck was equipped and which were provided for use by Kirk Genger, as its driver, and by Phyllis Genger, as a passenger.

No such defense of contributory negligence was al-

leged by defendant in his answer to the complaint filed on behalf of Mark Genger. Instead, defendant filed a general denial in that case, including a denial of all injuries, for which the complaint prayed for judgment in the sum of $15,000. The complaint in that case, however, alleged no permanent injuries, describing the injuries allegedly suffered as bruises, contusions and a sprain of one hip, resulting in doctor and medical expenses in the sum of $58.50.

Plaintiff's sole assignment of error on appeal in these two cases is that the court erred in failing to strike or exclude defendant's affirmative defense of contributory negligence relating to the failure of each of these plaintiffs to use an available seat belt, citing our recent decision in *Robinson v. Lewis,* 254 Or 52, 457 P2d 483 (1969), decided after the commencement of the appeals in these cases.

Defendant concedes that under the decision of this court in *Robinson* it was not contributory negligence for these plaintiffs to fail to wear seat belts, with the result that it was error for the trial court to refuse to strike or exclude defendant's affirmative defense of contributory negligence in these cases.

It is contended by defendant, however, that any such error was harmless and was not prejudicial error for the reason that in the third case, involving plaintiff's six-year-old son, Mark Genger, the jury also returned a defendant's verdict despite the fact that no such affirmative defense had been pleaded. Thus, defendant argues that the jury must necessarily have found in that case either that defendant was not negligent or that any negligence by him was not a proximate cause of the accident, with the result that the defendant's verdict in that case, which was consoli-

dated for trial with these two cases, demonstrates that the defendant's verdict in these cases must also have been based upon a finding of no negligence or proximate cause, rather than upon a finding of contributory negligence by these plaintiffs.

The difficulty with defendant's contention is that it is necessarily based upon the assumption that the defendant's verdict in the Mark Genger case *must* have been based upon a finding of no negligence or proximate cause. This assumption, however, is not valid, since defendant's answer in that case, in the form of a general denial, not only denied (1) that defendant was negligent, and (2) that such negligence was a proximate cause of the accident, but also (3) that Mark suffered any injuries whatever. Indeed, as already pointed out, the complaint filed on behalf of Mark alleged no serious or permanent injuries and alleged only $58.50 in medical expenses. Furthermore, no medical bills were offered in evidence, nor was any medical testimony offered to describe his injuries. Although plaintiffs testified that they took Mark to a doctor and that for some time after the accident Mark walked with a limp, which later went away, they did not examine his leg and testified that his principal complaint was that for some time after the accident he could not run as fast as his classmates.

■ Clearly, the jury was not required to accept, but was entitled to disbelieve and reject, the testimony of Mark's parents, which was the only evidence offered in support of the allegations of these minor injuries, particularly since no medical bills or medical testimony was offered to prove such injuries. *Rickard v. Ellis*, 230 Or 46, 54, 368 P2d 396 (1962).

■ Having thus denied that Mark Genger suffered

any injuries whatever, in addition to denying negligent and proximate cause, defendant cannot now be heard to say that the defendant's verdict in that case could not have been based upon a finding that Mark Genger suffered no compensable injuries, rather than upon a finding that defendant was not negligent or that any such negligence was not the cause of the accident.

It follows that since the basic assumption underlying defendant's contention is not a sound or valid assumption, it cannot be said in these cases, as contended by defendant, that the return of a defendant's verdict in the third case, involving Mark Genger, demonstrates that the jury would have necessarily returned a defendant's verdict in these two cases even if the trial court had stricken and excluded defendant's affirmative defense that these plaintiffs were guilty of contributory negligence in failing to wear seat belts.

This is particularly true in these cases since the nature of plaintiff's injuries were such that the jury might well have found that they were greatly aggravated, if not primarily caused, by plaintiff's failure to wear the seat belts available for their use. See Note, 6 Will L Rev 153, at 160, relating to the possible "danger" in allowing the jury to "speculate" as to which damages were caused or aggravated by a plaintiff's failure to wear a seat belt. Thus, the injuries allegedly suffered by plaintiff Phyllis Genger were incurred when she was thrown from the vehicle and plaintiff Kirk Genger allegedly suffered the neck and back injuries when the vehicle turned over, landing on its top. And, as in the usual case, the trial judge instructed the jury that if it found that plaintiffs were guilty of contributory negligence in any respect as charged in defendant's answer (which charged contributory negli-

gence for failure to wear available seat belts), "such negligence would bar any recovery by the plaintiff * * * even if the defendant were also negligent."

Defendant also contends that the verdict and judgment in this case must be affirmed in view of our recent decision in *State v. McLean,* 255 Or 464, 468 P2d 521 (1970), on the subject of "harmless error." Under the facts and circumstances of this case, however, we cannot properly hold, as was held under the facts and circumstances of *McLean,* that it would have made no difference in this case if the court had stricken and excluded this defense of contributory negligence or that the error of the trial court in failing to do so was such a small or technical error or defect as to have had little, if any, likelihood of having changed the result of this trial.

It follows that both of these cases must be remanded for new trial.

Reversed and remanded.