Argued April 2, affirmed May 30, 1975

SMITH, *Appellant, v.*
OREGON AGRICULTURAL TRUCKING
ASSOCIATION, *Respondent.*

535 P2d 1371

*Donald Winfree*, Portland, argued the cause for appellant. With him on the briefs were Edwin J. Welsh, and Welsh & Winfree, Portland.

*Alonzo P. Stiner*, Portland, argued the cause for respondent. With him on the brief were Lovett, Stiner & Fasano, P.C., Portland.

BRYSON, J.

This is an action by plaintiff to recover damages for injuries she sustained when the vehicle in which she was a passenger struck the rear end of defendant's truck. It is alleged that both vehicles were proceeding in a southerly direction on N. Vancouver Way in Portland, Oregon. Plaintiff alleged that defendant was negligent in failing to signal its intent to slow or stop and in operating a truck with inadequate taillights and stop signal lights. Defendant filed a general denial. The jury returned a verdict for defendant and plaintiff appeals.

Plaintiff assigns as error the trial court's failure to give plaintiff's requested Uniform Jury Instruction No. 72.03, negligence of driver not imputed to passenger.

The trial court instructed the jury:

"* * * [I]f you find from the evidence that the defendant was negligent in one or more particulars as charged which was a proximate or a contributing proximate cause of the accident and of the injuries sustained by the plaintiff and that the driver of the vehicle in which the plaintiff was a passenger was also negligent, nevertheless the defendant would be liable in damages to the plaintiff for any and all injuries sustained by her."

Plaintiff does not claim error in the substance of the instruction as given, but rather that the instruction does not "directly say that plaintiff is not responsible for her driver's negligence" and that the instruction is not "a succinct, clear and understandable statement of the law."

██ It is obvious that the trial court incorporated the effect of plaintiff's requested instruction in the instruction given and provided the jury with a statement of law which was readily understandable. The trial court does not commit error in not using the precise form or language requested by counsel. The instruction given may not be as favorable as the plaintiff desired, but it is not error. *Miller v. Thoma,* 247 Or 331, 332, 429 P2d 575 (1967); *Parsons v. Leavitt,* 249 Or 283, 285, 437 P2d 843 (1968); *Smith v. Wetherell,* 269 Or 91, 96-97, 523 P2d 1272 (1974).

Plaintiff also assigns as error the court's failure to sustain plaintiff's objection to questions put to Mr. Shaw, the driver of the car in which plaintiff was a passenger, regarding plaintiff's failure to use an available seat belt.

It should be noted that this appeal is before the court on a very limited partial transcript. It shows only the following testimony:

"CROSS EXAMINATION

"BY MR. STINER:

"* * *

"Q Were there seat belts in your car?

"A There were.

"Q Were—

"MR. WELSH: We are going to object to any further interrogation. I believe the law in the State is well known to the Court and counsel regarding seat belts.

"THE COURT: You can ask; go ahead.

"MR. STINER: I intend to.

"Q Was Audean Smith using a seat belt on this occasion?

"A No.

"* * *"

The remainder of the transcript includes a colloquy between court and counsel, before argument to the jury, regarding requested instructions, the instructions given and the exceptions taken. The court did not allow defendant's counsel to argue the subject of seat belts or plaintiff's failure to use the same to the jury and made no reference to seat belts in his jury instructions.

▮ Plaintiff's objection to the questions did not fully apprise the court of the ground on which the objection was made.[1] The prevailing rule is that an

---

[1] From the colloquy between court and counsel it is apparent that the trial court was aware that this court had ruled that there is no common law duty to wear seat belts, Genger v. Campbell, 256 Or 67, 71-72, 469 P2d 776 (1970); Robinson v. Lewis, 254 Or 52, 55-57, 457 P2d 483 (1969); and Siburg v. Johnson, 249 Or 556, 568, 439 P2d 865 (1968), but was under the impression that such evidence could be received on the issue of damages or the miti-

objection, general in terms, if overruled, cannot avail the objector on appeal. *Dickinson v. Leer,* 255 Or 274, 278, 465 P2d 885 (1970); *Miller v. Lillard,* 228 Or 202, 211, 364 P2d 766 (1961); *State v. Hoover,* 219 Or 288, 314, 347 P2d 69 (1959). There are exceptions to this rule; however, the state of the law and the record on appeal do not disclose that these exceptions are applicable. 1 Wigmore, Evidence (3d ed) 321, § 18; McCormick, Evidence (2d ed) 115-16, § 52.

█ █ Plaintiff also assigns as error the trial court's failure to instruct the jury to disregard Shaw's testimony as it had "promised" in an off-the-record conversation. However, plaintiff admits that she did not request such an instruction and failed to call it to the court's attention and thereby waived any error. The trial court's failure to give a particular instruction is not error if such instruction was not first requested and subsequently refused. *Fain v. Hughes,* 262 Or 137, 141, 497 P2d 198 (1972).

Affirmed.

TONGUE, J., concurring.

In my opinion, plaintiff was entitled to a clear instruction that negligence of the driver of the car in which she was a passenger was not to be imputed to her—a rule of law not understood by the ordinary jury and one vital to its proper consideration of this case—and the instruction as given by the court did not make that rule of law clear to the jury. However, in *Smith v. Wetherell,* 269 Or 91, 99, 523 P2d 1272, 1276 (1974), a case involving similar facts, the majority of this court held that it was not re-

gation thereof. We have not so held. See Stewart, *Robinson v. Lewis: The Plight of the Beltless Plaintiff,* 6 Will L J 153 (1970). No trial briefs were filed and there is no indication from the partial transcript that these cases or their holding were called to the attention of the trial court.

versible error to refuse to give such an instruction, as requested by the plaintiff, and to give an instruction somewhat similar to that given by the trial court in this case. Because of the decision by the majority in that case, in which I dissented, I concur in the result reached by the majority in this case.