LANDAU, S. J.
*44 *358 Held *359 The question in this case is which of two statutes of limitations applies to plaintiff's personal injury claim against a public employer. On the one hand, ORS 30.275(9) provides that "[n]otwithstanding any other *** statute providing a limitation on the commencement of an action," a tort action against a public body must be filed within two years after the alleged loss or injury. On the other hand, ORS 656.019(2)(a) provides that, "notwithstanding any other statute of limitation," a claim against an employer-including a public employer-must be filed within 180 days after an unsuccessful workers' compensation claim against the public employer has become final, even if that is more than two years after the alleged loss or injury. In this case, plaintiff filed her personal injury claim within 180 days of the date her unsuccessful workers' compensation claim became final, but more than two years after the injury. So, depending on which statute of limitations applies, her claim may or may not have been timely filed.
The trial court concluded that plaintiff's claim is time-barred, because the two-year limitation period in ORS 30.275(9) applies. The trial court therefore dismissed plaintiff's claim. For the reasons that follow, we conclude that the trial court erred and that plaintiff's claim is not time-barred, because the more generous limitation period in ORS 656.019(2)(a) applies. Accordingly, we reverse and remand.
As this case was disposed of on a motion to dismiss, we take the facts based on the allegations of the complaint and draw all inferences in favor of plaintiff. See Rice v. Rabb , 354 Or. 721, 723, 320 P.3d 554 (2014) (stating standard of review). Plaintiff worked as an educational assistant for defendant, a public school district. On November 8, 2013, a child riding a scooter crashed into plaintiff, injuring plaintiff's knee. Plaintiff filed a workers' compensation claim for the work-related injury to her knee. Defendant denied the claim on the ground that hers was a combined condition resulting from the scooter accident in conjunction with a long-term degenerative knee condition, and the scooter accident that occurred at work was not the major contributing cause of the resulting combined condition. See *360 ORS 656.005 (7)(a)(B) (a combined injury is compensable only if the compensable injury is the "major contributing cause"). Plaintiff requested a hearing at which she offered expert testimony that the work-related scooter accident was the major contributing cause of her condition. The Workers' Compensation Board (board) ultimately found that plaintiff's evidence was not as persuasive as defendant's. On October 30, 2015, the board upheld defendant's denial because the work-related scooter accident was not the major contributing cause of her combined condition.
On March 31, 2016, plaintiff filed a complaint for negligence against defendant for damages resulting from the scooter accident at work. It is undisputed that plaintiff filed that complaint within 180 days of the board's denial of her claim, but more than two years from the date of her injury. Plaintiff alleged in her complaint that the action had been timely commenced under ORS 656.019 (2)(a). Defendant responded with a motion to dismiss on the ground that the action was time barred. According to defendant, the two-year limitation period in ORS 30.275(9) -not the longer limitation period of ORS 656.019(2)(a) -controls. The trial court agreed with defendant and dismissed the complaint.
On appeal, plaintiff argues that the trial court erred in granting defendant's motion to dismiss. She contends that the longer limitation period of ORS 656.019(2)(a) controls. She acknowledges that, at least on the surface, both that statute and ORS 30.275(9) appear to apply; both purport to apply "notwithstanding" any other statute of limitations. In light of that apparently irreconcilable conflict between the two statutes of limitations, plaintiff argues that ORS 656.019(2)(a) controls *45 because it is both the more particular provision and the one more recently enacted.
Defendant insists that ORS 30.275(9) controls. According to defendant ORS 30.275(9) clearly states that, subject to exceptions that do not apply to this case, the two-year limitation period applies "notwithstanding any other statute of limitations." Defendant argues that, because ORS 656.019(2)(a) is another statute of limitations and is not among the listed exceptions to the two-year limitation period of *361 ORS 30.275(9), the two-year limitation period supersedes the longer period stated in ORS 656.019(2)(a).
Defendant acknowledges that ORS 656.019(2)(a) includes its own "notwithstanding" provision. It nevertheless insists that the clause does not apply. Defendant reasons that ORS 30.275(9) is a part of the Oregon Tort Claims Act, which acts as a waiver of the sovereign immunity of the state and its political subdivisions. That waiver includes only a two-year statute of limitations. Any departure from that waiver, defendant argues, must be clearly stated in the wording of a statute. ORS 656.019(2)(a) says nothing about waiving sovereign immunity. Therefore, defendant concludes, it cannot apply to extend the limitation period beyond what is provided in the Oregon Tort Claims Act.
Plaintiff replies that the "notwithstanding" clause of ORS 30.275(9) applies only to "any other statute of limitations." According to plaintiff, ORS 656.019(2)(a) may be understood to operate not as a statute of limitations, but rather as an extension of a statute of limitations. Thus, by its own terms, ORS 30.275(9) does not apply.
Thus framed, the parties' dispute is one of statutory construction, governed by familiar rules set out in State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009), and PGE v. Bureau of Labor and Industries , 317 Or. 606, 610-12, 859 P.2d 1143 (1993). Those rules require that we attempt to discern the meaning and application of the relevant statutes most likely intended by the legislatures that enacted them.
We begin with the wording of the relevant statutes. ORS 30.275(9) provides:
"Except as provided in ORS 12.120, 12.135 and 659A.875,[1] but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employee or agent of a public body *** shall be commenced within two years after the alleged loss or injury."
*362 (Emphases added.) The provision is part of the Oregon Tort Claims Act, originally enacted in the 1960s as a partial waiver of sovereign immunity. See generally Krieger v. Just , 319 Or. 328, 333-34, 876 P.2d 754 (1994). The specific wording of ORS 30.275(9) was enacted in 1981. Or. Laws 1981, ch. 350, § 1. Before then, ORS 30.275 required all actions against public bodies to be brought within two years of the date of injury and that plaintiffs comply with strict formal notice requirements. ORS 30.275 (1979). The notice requirements, however, proved to be too onerous, prompting the introduction in 1981 of a bill to repeal ORS 30.275 in its entirety. See Baker v. City of Lakeside , 343 Or. 70, 78, 164 P.3d 259 (2007). A compromise ultimately was reached, resulting in the current wording of the provision. Id. Unfortunately, the legislative history does not make clear where the "notwithstanding" clause originated. Id. at 81, 164 P.3d 259. But, in Baker , 343 Or. at 81-82, 164 P.3d 259, the Supreme Court concluded that the clause tracked concerns that there be a uniform two-year limitation period that applies to actions brought under the Oregon Tort Claims Act.
ORS 656.019 provides:
"(1)(a) An injured worker may pursue a civil negligence action for a work-related injury that has been determined to be not compensable because the worker has failed to establish that work-related incident was the major contributing cause of the worker's injury only after an order determining that the claim is not compensable has become final.
*46 "(b) Nothing in this subsection grants a right for a person to pursue a civil negligence action that does not other-wise exist in law.
"(2)(a) Notwithstanding any other statute of limitation provided in law, a civil negligence action against an employer that arises because a workers' compensation claim has been determined to be not compensable because the worker has failed to establish that a work-related incident was the major contributing cause of the worker's injury must be commenced within the later of two years from the date of injury or 180 days from the date of the order affirming that the claim is not compensable on such grounds becomes final."
*363 (Emphases added.) That statute was enacted in 2001, as a response to a then-recent Oregon Supreme Court decision, Smothers v. Gresham Transfer, Inc. , 332 Or. 83, 23 P.3d 333 (2001), overruled by Horton v. OHSU , 359 Or. 168, 376 P.3d 998 (2016) ; see also Hudjohn v. S & G Machinery Co. , 200 Or. App. 340, 346 n. 3, 114 P.3d 1141 (2005) (noting that the legislature enacted ORS 656.019 "in response to the Supreme Court's holding in Smothers "). At issue in Smothers was the constitutionality of a provision of the workers' compensation statutes declaring that an injured worker's exclusive remedy for on-the-job injuries lay in the administrative workers' compensation system. The court held that, because the workers' compensation statutes imposed a heightened causation standard beyond what common-law negligence required, the exclusive remedy requirement deprived workers of a right to that common-law remedy, in violation of the remedy guarantee of Article I, section 10, of the Oregon Constitution. 332 Or. at 86, 23 P.3d 333.
In response to Smothers , the legislature in 2001 enacted ORS 656.019. Section (1) of the law provides that the exclusive remedy requirement no longer applies if a claim is not compensable because of the heightened causation requirement under the workers' compensation law. If a worker's claim has been denied because of a failure to satisfy that causation standard, the law provides that the worker may "pursue a civil negligence action" for that work-related injury. Section (2) then provides that, "[n]otwithstanding any other statute of limitation provided in law," such a civil negligence action must be commenced within the later of either two years from the date of the worker's injury or 180 days from the date of the order denying the workers' compensation claim.
As we have noted, on the face of those statutes, there appears to be a conflict. ORS 30.275(9) provides that, "notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action," a civil action against a public body must be brought within two years of the date of injury. And ORS 656.019 (2)(a) provides that "[n ]otwithstanding any other statute of limitation provided in law ," civil negligence actions following *364 the denial of certain workers' compensation claims must be brought within the later of two years from the date of injury or 180 days from the date the claim was denied.
When confronted with multiple statutes that appear to conflict, courts are obliged to engage in a two-part analysis. First, they must determine whether there is any way to reconcile the apparent conflict without exceeding the bounds of the reasonable construction of the wording of the statutes. See, e.g ., Powers v. Quigley , 345 Or. 432, 438, 198 P.3d 919 (2008) ("[W]hen multiple statutory provisions are at issue in a case, this court, if possible, must construe those statutes in a manner that will give effect to all of them.") (Internal quotation marks omitted.); State v. Guzek , 322 Or. 245, 268, 906 P.2d 272 (1995) ("[W]hen one statute deals with a subject in general terms and another deals with the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, while giving effect to a consistent legislative policy."). Second, if such harmonizing is not possible, then the courts must apply established rules of construction that give precedence to one of the conflicting statutes over the other. See, e.g ., State ex rel Juv. Dept. v. M. T. , 321 Or. 419, 426, 899 P.2d 1192 (1995) ("When a general statute and a specific statute both purport to control an area, this court considers the specific statute to take precedence *47 over an inconsistent general statute related to the same subject.").
In this case, each party offers a way to harmonize the apparent conflict between the two seemingly applicable statutes of limitations. Plaintiff argues that the way to reconcile the two is to understand that ORS 656.019(2)(a) is not actually a statute of limitations, so the notwithstanding any "statute providing a limitation" clause of ORS 30.275(9) does not apply. Plaintiff claims support for that argument in the Oregon Supreme Court's decision in Baker . We are not persuaded.
At issue in Baker was whether the statute that determines when an action commences applies to an action brought against a public body. An employee of the city of Lakeside injured the plaintiff on August 31, 2002. The plaintiff filed a complaint against the city on August 27, *365 2004, less than two years from the date of the injury. But she did not serve the summons on the defendant until four weeks later, more than two years from the date of the injury. The city argued that the action was time-barred under ORS 30.275(9). The plaintiff argued that her action was timely under ORS 12.020(2), which provides that an action commences on the date the complaint was filed so long as the summons was served within 60 days. The city responded that ORS 12.020(2) did not apply, because of the notwithstanding clause of ORS 30.075(9). 343 Or. at 72, 74, 164 P.3d 259.
The Supreme Court rejected that argument, explaining that ORS 30.275(9) is "devoted exclusively to stating the limitations period for tort claims against public bodies." Id . at 76, 164 P.3d 259. When an action is commenced, the court explained, is "a completely different issue" from specifying a limitation period. Id. Accordingly, the court held, ORS 12.020(2) is not a provision of ORS chapter 12 that is subject to the notwithstanding clause of ORS 30.275(9). Id. at 83, 164 P.3d 259.
In this case, ORS 656.019(2)(a) does not address a "completely different issue" from stating a limitation period. To the contrary, it specifies the time limit within which an action must be brought: the later of two years or 180 days from the denial of the workers' compensation claim. That is a statute of limitations. See Black's Law Dictionary 1636 (10th ed. 2014) (defining "statute of limitations" as "[a] law that bars claims after a specified period; specif., a statute establishing a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)").
Defendant offers two arguments as to why we need not concern ourselves with the conflict between the two statutes of limitations. First, defendant asserts that the Oregon Supreme Court has already addressed the matter in its favor in Baker . Defendant is mistaken. Baker did not begin to address the matter at issue in this case. As we have noted, the sole issue was whether ORS 12.020(2) was subject to the notwithstanding provision of ORS 30.275(9). There was no mention of ORS 656.019(2)(a). In the course of its description of the legislative history of ORS 30.275(9), the court did observe that there was an implication that the *366 drafters intended to clarify that, other than the two statutes explicitly mentioned, "no other exception to the general two-year statute of limitations existed." 343 Or. at 82, 164 P.3d 259. It bears some emphasis that the court was not making any broad pronouncements about the scope of ORS 30.275(9), but characterizing a possible implication of the legislative history of the 1981 amendments. Id . at 82-83, 164 P.3d 259. All the court inferred from that history was that the framers of the amendments believed "no other exception to the general two-year statute of limitations existed ," at the time of those amendments. Id. at 82, 164 P.3d 259 (emphasis added). Neither the legislative history of the 1981 amendments nor the court's analysis of it in Baker addressed whether the legislature might create additional exceptions at a later date . That is precisely the question at issue in this case.
Second, defendant argues that sovereign immunity bars the application of ORS 656.019(2)(a) as a matter of law. According to defendant, ORS 30.275(9) is part of the Oregon Tort Claims Act's partial waiver of sovereign immunity. As a rule, defendant contends, waivers of sovereign immunity *48 may not be implied, but must be clearly stated in the terms of a statute. In this case, nothing in ORS 656.019 (2)(a) clearly states a legislative intention to extend the immunity of public bodies beyond the two-year limitation period in ORS 30.275(9). So, defendant concludes, ORS 656.019(2)(a) cannot apply. We reject that argument as well.
We accept defendant's basic premise that waivers of sovereign immunity are not to be lightly inferred. As the Oregon Supreme Court said in Newport Church of the Nazarene v. Hensley , 335 Or. 1, 17, 56 P.3d 386 (2002), "[o]nly clear expression by the legislature waives the state's sovereign immunity." In that case, the question was whether the general rate of interest statute applied to claims against the state. The court said no, given that the statute contained no wording referring to its applicability to public bodies. Id . at 4, 17-18, 56 P.3d 386.
That is not so in this case. The Oregon legislature has explicitly stated that the provisions of ORS chapter 656 apply to public bodies. ORS 656.023 provides that "[e]very employer employing one or more subject workers in the state *367 is subject to this chapter." The law then provides, in ORS 656.005(13)(a), that the term "employer" as used in chapter 656, means "any person, including receiver, administrator, executor or trustee, and the state, state agencies, counties, municipal corporations, school districts and other public corporations or political subdivisions, who contracts to pay a remuneration for and secures the right to direct and control the services of any person." Thus, when ORS 656.019(2)(a) states a limitation period that applies to actions against an "employer," that expressly includes public employers.
Confirming that reading of the statute is the fact that ORS 656.019(2)(a) provides that the additional 180-day period to commence an action against an employer applies notwithstanding "any other statute of limitation provided in law." (Emphasis added.) Ordinarily, courts assume that the legislature's use of the word "any" indicates deliberately comprehensive application. See, e.g ., State v. Hamilton , 348 Or. 371, 378, 233 P.3d 432 (2010) (statutory reference to "any" person "demonstrates that the legislature deliberately chose not to limit the reach" of the statute); Crocker and Crocker , 332 Or. 42, 51, 22 P.3d 759 (2001) ("The word 'any' ordinarily would have a very broad sweep."); Dickinson v. Leer , 255 Or. 274, 276, 465 P.2d 885 (1970) (statutory reference to "any" business in Oregon suggests the statute applies in "an unrestricted and comprehensive sense to include every legitimate business transaction, regardless of its nature"). Presumably, the legislature was aware of ORS 30.275(9) when it declared that the 180-day extension applied notwithstanding "any" other limitation period. It follows that the notwithstanding provision of ORS 656.019(2)(a) applies to ORS 30.275(9).
We are left, then, with irreconcilably conflicting statutes. As we have noted, in such cases, courts are forced to pick one of the statutes to take precedence over the other. Courts commonly apply either of two rules to determine which statute takes precedence. First, the courts will assume that the more specific of conflicting statutes will take precedence over a more general one. See, e.g ., Fairbanks v. Bureau of Labor and Industries , 323 Or. 88, 913 P.2d 703 (1996). ("If the two statutes cannot be harmonized, * * * the specific statute is considered to be an exception to the general statute.")
*368 (Citation and internal quotation marks omitted.); see also ORS 174.020(2) ("When a general provision and a particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent.").
Determining which among conflicting statutes is the more particular can be tricky. As this court explained in Oregonians for Sound Economic Policy v. SAIF , 187 Or. App. 621, 631, 69 P.3d 742, rev. den. , 336 Or. 60, 77 P.3d 635 (2003),
"the rule that, in cases of conflict, specific statutory provisions control over general ones can produce different results depending on which statute is characterized as the specific and which as the general. The problem is that, in many cases, the same statutes may be characterized as specific *49 or general depending on which features the court chooses to emphasize."
In this case, though, we readily conclude that, as between ORS 30.275(9) and ORS 656.019(2)(a), the latter is the more specific. The former statute applies to any claim asserted against any public body. The latter applies only to workers' compensation claims. Moreover, it applies only to a very specific type of workers' compensation claim, namely, one that was denied because of the claimant's failure to satisfy the statutory major contributing cause standard. Thus, the longer limitation period of ORS 656.019(2)(a) must take precedence over the shorter two-year period in ORS 30.275(9).
The second rule that may apply to conflicting statutes yields the same result. If one applicable statute irreconcilably conflicts with another, courts generally give precedence to the later-enacted one. State v. Vedder , 206 Or. App. 424, 430, 136 P.3d 1128 (2006), rev. den. , 342 Or. 417, 154 P.3d 723 (2007) ("If earlier and later statutes are in irreconcilable conflict, then the earlier must yield to the later."). The rationale is that the legislature presumably was aware of the preexisting statute and must have impliedly repealed it to the extent of the inconsistency. See, e.g. , Buehler v. Rosenblum , 354 Or. 318, 325, 311 P.3d 882 (2013) (in case of conflict among statutes "the earlier must yield to the later by implied repeal") (citation and internal quotation marks omitted);
*369 State v. Shumway , 291 Or. 153, 160, 630 P.2d 796 (1981) ("[W]hen the legislature enacts a subsequent statute which is repugnant to or in conflict with a prior statute, but contains no language expressly repealing the prior statute, the prior statute is impliedly repealed.").
In this case, there is no dispute that ORS 656.019 (2)(a) was the later-enacted statute; it was enacted some 20 years after ORS 30.275(9). Accordingly, the longer limitation period in the former statute must take precedence over the latter. It is undisputed that, if ORS 656.019(2)(a) controls, plaintiff's claim was timely commenced.
Defendant argues that, even if the trial court erred in concluding that plaintiff's claim is time-barred, we should affirm on the alternate ground that ORS 656.019(1) did not authorize her to file the claim in the first place. According to defendant, ORS 656.019(1) applies only to cases in which a plaintiff "failed to carry the burden" of proving the compensability of the workers' compensation claim. In this case, defendant argues, because the claim was one for a combined condition, claimant did not bear the burden of proof; it was instead defendant who bore the burden of establishing that work was not the major contributing cause of the condition. Therefore, defendant concludes, the statute does not apply, and plaintiff lacked statutory authority to bring her claim wholly apart from any issue of timeliness. Cited in support of the argument is this court's decision in Alcutt v. Adams Family Food Services, Inc. , 258 Or. App. 767, 311 P.3d 959 (2013), rev. den. , 355 Or. 142, 326 P.3d 1207 (2014).
Plaintiff responds that defendant is raising that issue for the first time on appeal. In any event, she argues that the sole issue before the trial court was the timeliness of her claim, not whether her complaint stated a claim. She also asserts that the applicability of ORS 656.019(1) does not turn on the issue of burden of proof; the statute, she notes, says nothing about burdens of proof, only who ultimately prevails on a workers' compensation claim. Alcutt , she contends, is not to the contrary, but rather is distinguishable on its facts.
We need not address whether ORS 656.019(1) authorized plaintiff's claim, because that issue was not raised *370 below and may not be raised for the first time on appeal. Instructive in that regard is this court's decision in Rogers v. Valley Bronze of Oregon, Inc ., 178 Or. App. 64, 66-69, 35 P.3d 1102 (2001). In that case, the plaintiff had initiated a personal injury action against his employer for workplace injuries. The employer moved to dismiss under the exclusive remedy provision of the workers' compensation statute. The trial court granted the motion. In the meantime, the Oregon Supreme Court issued its decision in Smothers . On appeal, this court concluded that Smothers controlled and that the trial court had erred in dismissing the plaintiff's action. The defendant then argued for the first time on appeal that the *50 trial court's dismissal could be affirmed on the ground that the plaintiff had failed to state a claim, in that he had not alleged that he had failed to exhaust all possible levels of review through the workers' compensation system before filing his complaint. This court declined to entertain the defendant's argument, explaining that a motion to dismiss for failure to state a claim under ORCP 21 A(8) may not be asserted for the first time on appeal. See also State ex rel. Osborne v. Cook , 185 Or. App. 317, 325, 59 P.3d 531 (2002) (argument that is the "functional equivalent of a motion to dismiss for failure to state a claim will" not be considered for the first time on appeal as an alternate basis for affirmance).
The same reasoning applies to this case. Defendant's sole ground for moving to dismiss plaintiff's claim was the timeliness of the claim under ORCP 21 A(9). There was no mention of ORCP 21 A(8), ORS 656.019(1), Alcutt , or the argument that is now being asserted for the first time before this court. We decline to address defendant's alternative argument for affirmance.
We therefore conclude that the trial court erred in granting defendant's motion to dismiss on statute of limitations grounds.
Reversed and remanded.

ORS 12.120 sets a limitation period for libel and slander actions; ORS 12.135 applies to actions for damages from construction, alteration, or repair of improvement to real property; and ORS 659A.875 applies to actions for unlawful employment practices.