Dan ALCUTT,
*Plaintiff-Appellant,*

*v.*

ADAMS FAMILY FOOD SERVICES, INC.
an Oregon corporation,
nka Adams Oregon Enterprises, Inc.,
an Oregon Corporation,
dba McDonald's Restaurant,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV091364; A147515

311 P3d 959

Nelson R. Hall argued the cause for appellant. With him
on the briefs was Bennett, Hartman, Morris & Kaplan, LLP.

Bruce H. Orr argued the cause for respondent. With him on the brief was Wyse Kadish, LLP.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Plaintiff, after suffering injuries while working at defendant's McDonald's restaurant, filed a workers' compensation claim that was ultimately denied on the ground that, due to preexisting degenerative disc disease, plaintiff's work activities were not the major contributing cause of his disability or need for treatment. *See* ORS 656.005(7)(a)(B); ORS 656.266. Subsequently—and on the basis of the same underlying events—plaintiff filed this civil action against defendant, alleging negligence and violation of workplace-safety rules. The trial court then granted defendant's motion to dismiss for lack of subject matter jurisdiction under ORCP 21 A(1), ultimately reasoning that the exclusive remedy provision of the Workers' Compensation Law, ORS 656.018, barred plaintiff's civil action.[1] Plaintiff appeals, arguing that the trial court, in granting defendant's motion, violated plaintiff's rights under the remedy clause of Article I, section 10, of the Oregon Constitution, as interpreted by the Supreme Court in *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 23 P3d 333 (2001),[2] and misinterpreted ORS 656.019—a statute enacted soon after *Smothers* was decided.[3] *See* Or Laws 2001, ch 865,

---

[1] ORS 656.018 provides that, where a worker's injury "aris[es] out of and in the course of employment[,]" the worker's remedy is limited to that provided by Oregon's workers' compensation scheme "except to the extent the worker is expressly given the right under [ORS chapter 656] to bring suit against the employer of the worker for an injury, disease, symptom complex or similar condition."

[2] Oregon's remedy clause under Article I, section 10, provides that "every man shall have remedy by due course of law for injury done him in his person, property, or reputation." The Supreme Court summarized the requisite analysis under the remedy clause in *Smothers*:

"[I]n analyzing a claim under the remedy clause, the first question is whether the plaintiff has alleged an injury to one of the absolute rights that Article I, section 10 protects. Stated differently, when the drafters wrote the Oregon Constitution in 1857, did the common law of Oregon recognize a cause of action for the alleged injury? If the answer to that question is yes, and if the legislature has abolished the common-law cause of action for injury to rights that are protected by the remedy clause, then the second question is whether it has provided a constitutionally adequate substitute remedy for the common-law cause of action for that injury."

332 Or at 124; *see also Klutschkowski v. PeaceHealth*, 354 Or 150, 167-68, 311 P3d 461 (2013) (reaffirming that analysis).

[3] ORS 656.019 provides, in relevant part:

"An injured worker may pursue a civil negligence action for a work-related injury that has been determined to be not compensable because *the worker*

§ 15; *see also Hudjohn v. S&G Machinery Co.*, 200 Or App 340, 346 n 3, 114 P3d 1141 (2005) (noting that the legislature enacted ORS 656.019 "in response to the Supreme Court's holding in *Smothers*"). Thus, the question presented on appeal is ultimately whether, under Article I, section 10, or ORS 656.019, plaintiff was entitled to bring his civil action against defendant, notwithstanding the exclusive remedy provision of ORS 656.018. For the reasons that follow, we hold that plaintiff was constitutionally entitled to do so and, accordingly, reverse the trial court's judgment of dismissal as to plaintiff's negligence claims.[4]

On September 28, 2007, plaintiff was working at defendant's restaurant, loading ice from a large cooler into the top of a soft-drink dispenser. In order to lift the cooler full of ice into position above the dispenser, plaintiff used a small footstool provided by defendant in order to step up and shift his weight onto the counter where the drink dispenser was located; however, the stool slipped backward, and plaintiff fell to the floor. He subsequently sought treatment for neck and back pain, pain radiating into his arms, and muscle spasms. Imaging revealed disc herniations at L4-5 and C6-7, and plaintiff eventually underwent two surgeries to address those conditions. He filed a workers' compensation claim on October 15, 2007.

Following plaintiff's first surgery, defendant arranged an independent medical examination (IME), after which Drs. Neumann and Radecki diagnosed plaintiff with "multilevel degenerative disc disease in the cervical and lumbar spine preexisting the work incident" in addition to the herniated discs at L4-5 and C6-7. Defendant denied plaintiff's workers' compensation claim shortly thereafter, and plaintiff requested a hearing.

---

*has failed to establish* that a work-related incident was the major contributing cause of the worker's injury * * *."

(Emphasis added.)

[4] As set forth below, plaintiff's action includes three claims for relief, two of which pertain to negligence and one of which alleges that defendant violated the Oregon Safe Employment Act (OSEA). We qualify our disposition because, although plaintiff's right to bring his second and third claims (those alleging negligence) is constitutionally protected under Article I, section 10, the same cannot be said for plaintiff's first claim for relief (alleging violations of the OSEA).

Prior to the hearing, defendant arranged another IME, after which Dr. Bergquist diagnosed degenerative change of the cervical and lumbar spine, disc herniation at L4-5, and "C7 radiculopathy secondary to foraminal stenosis." Bergquist opined that preexisting degenerative changes in plaintiff's cervical and lumbar spine constituted the major contributing cause of plaintiff's disability and need for treatment. Moreover, Neumann and Radecki—although each had initially opined that the work incident constituted the major contributing cause of plaintiff's disability and need for treatment—reviewed additional evidence, received additional explanation from defendant's counsel as to the legal meaning of "major" (as opposed to "precipitating") cause, and opined that plaintiff's *preexisting degenerative disc disease* was the major contributing cause of his disability and need for treatment.[5] Finally, in November 2008, plaintiff's surgeon, Dr. Gehling—after performing both aforementioned surgeries—reviewed the medical evidence and likewise opined that plaintiff's "pre-existing degenerative condition" was the major contributing cause of plaintiff's disability and need for treatment.

A hearing was convened before an administrative law judge (ALJ) on November 21, 2008, and, on May 8, 2009, the ALJ issued an opinion and order upholding defendant's denial of plaintiff's workers' compensation claim. In reaching that conclusion, the ALJ reasoned:

> "Dr. Neumann opined that the work event was a material cause of [plaintiff's] disability and need for treatment. Assuming that Dr. Neumann's opinion is correct, the record establishes that the work event combined with preexisting degenerative changes in [plaintiff's] spine to prolong disability and a need for treatment. All of the medical experts offering a causation opinion in this case (including Dr. Neumann) ultimately opined that the major cause of [plaintiff's] disability/need for treatment was the preexisting condition, not the work incident. Consequently, [defendant's] denial must be affirmed."

Thus, the ALJ concluded that plaintiff's otherwise compensable work injury had combined with his preexisting degenerative disc disease to form a "combined condition," *see* ORS

---

[5] Neumann did, however, opine that the work incident was a *material* cause of plaintiff's disability and need for treatment.

656.005(7)(a)(B) (combined conditions), and that, as particularly pertinent here, *defendant* had met its burden to prove that "the otherwise compensable injury [was] not, or [was] no longer, the major contributing cause" of the disability or need for treatment stemming from that combined condition. ORS 656.266(2)(a) (for purposes of combined condition claims, "[o]nce the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to establish [that] the otherwise compensable injury is not, or is no longer, the major contributing cause" of the disability or need for treatment of the combined condition).

Plaintiff subsequently filed this civil action on September 30, 2009. The operative complaint contained three claims for relief, alleging that defendant had (1) violated the Oregon Safe Employment Act (OSEA);[6] (2) committed negligence *per se* based on those alleged OSEA violations; and (3) been negligent in "requiring the use of a ladder or step stool without adequate non-skid footings[,]" in "failing to provide plaintiff with a ladder of adequate height such that plaintiff could [safely] access and fill the beverage dispenser with ice," in failing to provide a safe means of loading the beverage dispenser with ice, and in requiring plaintiff "to carry, lift and unload an object in such a manner as to cause the employee to lose balance." Addressing ORS 656.018 and ORS 656.019, plaintiff pleaded that, "[a]t all times material, plaintiff suffered work-related injuries as set forth herein, which were determined, in a final order of a workers' compensation [ALJ], to be not compensable because the work-related incident was not the major contributing cause of plaintiff's injuries."

Defendant then moved to dismiss each of plaintiff's claims for lack of subject matter jurisdiction under ORCP 21 A(1). In support of its motion, defendant relied on the exclusive remedy provision of the Workers' Compensation Law, ORS 656.018, asserting that it was "immune from liability on [plaintiff's] claims for relief" under that statute. Addressing ORS 656.019, defendant argued that plaintiff was not entitled to bring a civil action because he had not

---

[6] The OSEA is codified at ORS 654.001 to 654.295, ORS 654.412 to 654.423, ORS 654.750 to 654.780, and ORS 654.991.

"*failed* to establish that the work-related incident was the major contributing cause of his alleged injury" pursuant to the text of that statute. (Emphasis in original.) That is, because ORS 656.019 is phrased in terms of "the worker['s]" failure to meet his or her burden of proof as to major contributing cause, defendant emphasized that, before the ALJ, it was the *employer's* (*i.e.*, defendant's) burden to prove that the work-related incident *was not* the major contributing cause of plaintiff's injury under ORS 656.266(2)(a). Defendant summarized its argument as to the applicability of ORS 656.019 as follows:

> "Plaintiff's workers' compensation claim for the injury that is alleged in the First Amended Complaint was determined to be not compensable under Oregon's Workers' Compensation Law because *Defendant* satisfied its burden of proof as set forth in ORS 656.266(2), and it was not *because* Plaintiff *failed* to establish that the work-related incident was the major contributing cause of his alleged injury. Plaintiff's claim for benefits was denied because of what Defendant proved in the hearing before the ALJ and *not* because of what Plaintiff failed to prove at that hearing."

(Emphases in original.)

Defendant also addressed Article I, section 10, and the Supreme Court's decision in *Smothers*, 332 Or 83, arguing that the court's holding in that case was not applicable because *Smothers* addressed an occupational disease claim, whereas plaintiff had filed an injury claim governed by "a different standard of proof" than that applicable to occupational disease claims. *See* ORS 656.266(2)(b); ORS 656.802(2)(a) ("The *worker* must prove that employment conditions were the major contributing cause of the [occupational] disease." (Emphasis added.)). In other words, defendant argued that *Smothers*, given the distinct burden of proof as to major contributing cause applicable in that case, simply did not apply, and, therefore, did not support plaintiff's argument that dismissal of his claims on the basis of ORS 656.018 violated the remedy clause.

Finally, defendant argued that plaintiff's first and second claims for relief—those addressing defendant's alleged violations of the OSEA and alleged commission of negligence

*per se,* respectively—were not "'civil negligence' claims." Noting that ORS 656.019 addresses only an injured worker's right to "pursue a civil negligence action" and that *Smothers* construed the remedy clause to protect only absolute common-law rights, defendant argued, with respect to plaintiff's first and second claims, that "[o]ne is based upon a statute and the other is based upon administrative regulations adopted pursuant to a statute[,]" placing them outside the scope of both ORS 656.019 and Article I, section 10.

Plaintiff remonstrated that "the notion that Plaintiff did not fail to prove 'major contributing cause' but rather Defendant succeeded in proving 'major contributing cause'" was irrelevant and did not preclude plaintiff from proceeding under ORS 656.019. Pointing to the circumstances underlying the enactment of ORS 656.019 and the legislature's simultaneous amendment of ORS 656.266 (shifting the burden of proof as to major contributing cause to the employer in combined-condition injury cases), Or Laws 2001, ch 865, §§ 2, 15, plaintiff correctly noted—as discussed further below—that the "amendments to ORS 656.266 * * * were adopted in the same bill that created ORS 656.019 * * *." Accordingly, plaintiff argued, "[t]o give effect to both provisions, to read and apply both provisions harmoniously, *the 'worker has failed to establish' major contributing cause whether the burden of production/proof is shifted to the employer or the injured worker.*" (Emphasis added.)

Addressing Article I, section 10, plaintiff argued that "[t]he Court's analysis and holding in *Smothers* did not turn on ORS 656.019, which did not exist at the time of the Court's decision, and did not turn on who carried the burden of proving major contributing cause." Rather, plaintiff argued, the Supreme Court's holding in *Smothers* "was based on the major contributing cause standard not existing at common law when Oregon's constitution was adopted and the unconstitutional lack of remedy under ORS Chapter 656 if and when the major contributing cause standard leaves an injured worker without coverage for an otherwise compensable injury." In other words, plaintiff argued that, because his workers' compensation claim was denied on the basis of major contributing cause, he was entitled to bring his civil

action under both ORS 656.019 and the remedy clause as interpreted in *Smothers*, irrespective of which party carried the burden of proof before the ALJ.

With respect to defendant's remaining arguments, plaintiff directly challenged defendant's "notion that there is a material difference between an 'injury' and an 'occupational disease' for purposes of Article I, Section 10 of the Oregon Constitution, the Court's analysis and holding in *Smothers* * * *, or ORS 656.019[.]" Citing ORS 656.802(2)(c) and ORS 656.804,[7] he argued, "That the instant case involves a specific traumatic event (injury), and not a series of events or exposures over time, (occupational disease) does not divest this Court of subject matter jurisdiction over Plaintiff's tort claims arising out of Defendant's negligence." Finally, plaintiff asserted that his claim for negligence *per se* was simply "a count of common-law negligence" and therefore fell within the ambit of both ORS 656.019 and the remedy clause. He likewise asserted that his OSEA claim was both statutorily permissible and constitutionally protected, arguing that "the court may consider the statutory provisions of the [OSEA] as part of the 'legal standard[s] of conduct' forming the basis of duties in plaintiff's *negligence* claim." (Citation omitted; second brackets in original; emphasis added.)

The trial court ultimately granted defendant's motion to dismiss, concluding that, under ORS 656.018, it lacked subject matter jurisdiction over plaintiff's action. The court agreed with defendant that ORS 656.019 was inapplicable, reasoning:

"All right. I think that [ORS] 656.019 is very clear. Plaintiff has clearly set it forth in paragraph 7 of his complaint that it's necessary, in order to be here, for the worker to have failed to establish that a work-related incident was the major contributing cause of the worker's injury.

"That's not the case herein. The [ALJ], for all intents and purposes, found that the worker had shown that. But the

---

[7] Those statutes provide, respectively, that "[o]ccupational diseases shall be subject to all of the same limitations and exclusions as accidental injuries under ORS 656.005(7)," ORS 656.802(2)(c), and, "[s]ubject to ORS 656.005(24) and 656.266(2), an occupational disease, as defined in ORS 656.802, is considered an injury * * * except as otherwise provided in ORS 656.802 to 656.807," ORS 656.804.

[ALJ] also found that the employer had met [its] burden under [ORS 656.266(2)(a)], as it relates to [major contributing cause in combined-condition claims under ORS 656.005(7)(a)(B)].

"The plaintiff in this case not having fit within the parameters of [ORS 656.019], the Court finds that it's without subject matter jurisdiction and grants the motion."

Plaintiff moved for reconsideration; however, the trial court denied that motion on December 20, 2010, and entered a general judgment of dismissal on December 23.

On appeal, both parties reprise their arguments below. As noted, plaintiff argues that both ORS 656.019 and the remedy clause, as interpreted by the Supreme Court in *Smothers*, permit him to proceed with his civil action in circuit court, notwithstanding the exclusive remedy provision of ORS 656.018. In advancing that argument, he continues to assert that ORS 656.019 was intended to apply broadly, such that "the 'worker has failed to establish' major contributing cause *whether the burden of production/proof is assigned to the employer or the injured worker.*" (Emphasis added.) For the reasons set forth below, we conclude, based on the plain text of ORS 656.019, that plaintiff was not entitled to bring his action under that statute. However, we conclude that plaintiff's right to proceed with his negligence claims in circuit court was constitutionally protected by the remedy clause, and that, therefore, the trial court erred in dismissing those claims on the basis of ORS 656.018.

"We review the trial court's conclusion that it did not have subject matter jurisdiction over [plaintiff's] claim[s] for errors of law." *Merten v. Portland General Electric Co.*, 234 Or App 407, 413, 228 P3d 623, *rev den*, 348 Or 669 (2010) (citing *Spada v. Port of Portland*, 55 Or App 148, 150, 637 P2d 229 (1981)). Here, we first consider whether plaintiff was entitled to bring his civil action under ORS 656.019. In light of plaintiff's proffered construction of that statute, we begin with an overview of the interrelated history of the enactment of ORS 656.019 and the Supreme Court's decision in *Smothers*.

In January 2001, Senate Bill (SB) 485—a wide-reaching bill providing for numerous changes to Oregon's workers' compensation system—was introduced as a result of collaboration between a group of "stakeholders" to the workers' compensation system appointed by the Governor, the Management-Labor Advisory Committee, and the Senate Committee on Business, Labor and Economic Development. Testimony, House Committee on Business, Labor and Consumer Affairs, SB 485, May 15, 2001, Ex L (statement of Workers' Compensation Division Administrator John Shilts). As pertinent here, section 2 of SB 485—a crucial aspect of the bill subject to extensive discussion—amended ORS 656.266 such that the burden of proof regarding the major contributing cause standard in combined condition cases, previously borne by the worker in all instances, was shifted to the employer in injury (but not occupational disease) cases. As noted above, the current version of ORS 656.266, as amended in 2001, provides that, "[o]nce the worker establishes an otherwise compensable injury, *the employer shall bear the burden of proof to establish the otherwise compensable injury is not, or is no longer, the major contributing cause*" of the disability or need for treatment of the combined condition. ORS 656.266(2)(a) (emphasis added). When SB 485 passed from the Senate to the House in March 2001, what would later be added to the bill as section 15 and subsequently become ORS 656.019, Or Laws 2001, ch 865, § 15, had yet to be conceived.

However, on May 10, 2001, the Supreme Court decided *Smothers*, 332 Or 83, in which the plaintiff's civil negligence action had been dismissed on the ground that it was barred by the exclusive remedy provision of ORS 656.018. *Id.* at 86. The Supreme Court has since summarized its decision in *Smothers* as follows:

> "*Smothers* involved an injured employee's challenge to the exclusive remedy provision of the workers' compensation law, [ORS 656.018,] which effectively denied a remedy to a worker in any case in which a worker's employment conditions were not the major contributing cause of the worker's disability or disease: The employee in *Smothers* had no remedy under the workers' compensation law, because workplace exposure was not the 'major contributing cause' of his

debilitating lung condition, and he had no remedy otherwise, because a specific legislative enactment denied him the alternative of seeking a remedy through a tort action.

"The court reviewed the historical development of the remedy clause of Article I, section 10, and concluded that that clause protects 'absolute common-law rights' that existed when the Oregon Constitution was drafted by guaranteeing that a remedy always would be available for injury to those rights. In considering the plaintiff's claim in *Smothers*, this court began by noting that a common-law cause of action for negligence existed at the time that the Oregon Constitution was created. The court did not end its analysis there, however. Rather, the court stated that a more specific inquiry was necessary, *viz.*, whether the common law would have recognized a cause of action for negligence under the particular circumstances of that case. In *Smothers*, the particular circumstances that the court identified were that the plaintiff suffered a permanent injury because the defendant negligently permitted an unsafe condition to develop in the area where the plaintiff worked, that the defendant had been aware that exposure to that condition could harm the plaintiff, and that the defendant did not protect the plaintiff from exposure or warn the plaintiff that he would be exposed to that condition.

"After reviewing various sources in an effort to determine the content of the common law at the time that the Oregon Constitution was drafted, the court in *Smothers* concluded that, in 1857, the common law of Oregon would have recognized that a worker had a cause of action for negligence against his or her employer for failing to provide a safe work environment and for failing to warn of the dangerous conditions to which workers would be exposed. Consequently, the court concluded that the exclusive remedy provision of ORS 656.018 (1985) violated Article I, section 10, because that statute denied the plaintiff any remedy for a wrong with respect to which he would have been entitled to a remedy at the time that the Oregon Constitution was framed. The key consideration in the case was the fact that the statute left the plaintiff with no remedy *at all*, either through workers' compensation *or* a traditional tort action."

*Lawson v. Hoke*, 339 Or 253, 257-58, 119 P3d 210 (2005) (internal citations omitted; emphasis in original). In sum, the *Smothers* court held that a plaintiff who has been denied a workers' compensation remedy due to application of the major

contributing cause standard (*i.e.*, where the work incident was a contributing cause, but not the *major* contributing cause, of the plaintiff's disability or need for treatment) is entitled—if he or she "alleges an injury to an 'absolute' common-law right" that existed when the Oregon Constitution was drafted in 1857—to seek redress for that injury notwithstanding the exclusive remedy provision of ORS 656.018. 332 Or at 135-36.

Following the Supreme Court's decision in *Smothers*, the House Committee on Rules, Redistricting and Public Affairs added section 15 (what would ultimately become ORS 656.019) to SB 485. Or Laws 2001, ch 865, § 15; *see* Testimony, House Committee on Rules, Redistricting and Public Affairs, SB 485, June 15, 2001, Ex D (statement of Workers' Compensation Division Administrator John Shilts) (noting that "[t]he SB 485 group met again recently to determine an appropriate response to the *Smothers* decision" and opining that, although the resulting amendments would "not 'fix' *Smothers*[,]" other parts of SB 485 would "lessen its impact" by, in part, "increas[ing] the number of claims that will be accepted into the system[.]"). As enacted in 2001 and unchanged to date, ORS 656.019 provides:

"(1)(a)  An injured worker may pursue a civil negligence action for a work-related injury that has been determined to be not compensable because *the worker has failed to establish* that a work-related incident was the major contributing cause of the worker's injury only after an order determining that the claim is not compensable has become final. The injured worker may appeal the compensability of the claim as provided in ORS 656.298, but may not pursue a civil negligence claim against the employer until the order affirming the denial has become final.

"(b)  Nothing in this subsection grants a right for a person to pursue a civil negligence action that does not otherwise exist in law.

"(2)(a)  Notwithstanding any other statute of limitation provided in law, a civil negligence action against an employer that arises because a workers' compensation claim has been determined to be not compensable because *the worker has failed to establish* that a work-related incident was the major contributing cause of the worker's injury

must be commenced within the later of two years from the date of injury or 180 days from the date the order affirming that the claim is not compensable on such grounds becomes final.

"(b) Notwithstanding paragraph (a) of this subsection, a person may not commence a civil negligence action for a work-related injury that has been determined to be not compensable because *the worker has failed to establish* that a work-related incident was the major contributing cause of the worker's injury, if the period within which such action may be commenced has expired prior to the filing of a timely workers' compensation claim for the work-related injury."

(Emphases added.)

In construing a statute, we examine the text of the statute in context, along with any relevant legislative history, in order to discern and give effect to the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (setting forth interpretive methodology). With respect to ORS 656.019, the unique timing of the statute's addition to SB 485 in relation to the Supreme Court's decision in *Smothers* invites speculation as to whether ORS 656.019 was drafted with the pre-SB 485 version of ORS 656.266 in mind, and, consequently, speculation as to whether—consistent with plaintiff's argument—the legislature intended that ORS 656.019 apply broadly irrespective of which party carried the burden of proving (or disproving) major contributing cause.

However, regardless of the circumstances underlying its enactment, the text of ORS 656.019 is plain. That is, as defendant repeatedly points out, the statute unambiguously limits the circumstances under which an injured worker may bring a civil negligence action to those where his or her work-related injury "has been determined to be not compensable because *the worker has failed to establish* that a work-related incident was the major contributing cause * * *." ORS 656.019(1)(a) (emphasis added); *see* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]"); *Gaines*, 346 Or at 171 (text and context "must be given primary weight

in the analysis"); *State v. Rodriguez-Barrera*, 213 Or App 56, 62, 159 P3d 1201, *rev den*, 343 Or 224 (2007) ("If the wording of a statute is truly capable of one, and only one, reasonable construction then, whatever the legislative history may show, it cannot alter the unambiguous meaning of a statute."); *Fernandez v. Board of Parole*, 137 Or App 247, 252, 904 P2d 1071 (1995) ("[W]e are constrained by the reasonable construction of language that the legislature actually enacted.").

In arguing that ORS 656.019 applies irrespective of which party carried the burden of proof before the agency, plaintiff asserts that "[d]efendant's argument requires finding that the legislature enacted a meaningless law[,]" because "no plaintiff could qualify." However, our reservations regarding the legislature's intention in light of the unique history of ORS 656.019 notwithstanding, and recognizing that we indeed "assume that the legislature did not intend any portion of its enactments to be meaningless surplusage[,]" *State v. Stamper*, 197 Or App 413, 418, 106 P3d 172, *rev den*, 339 Or 230 (2005), that statement is inaccurate. Because injured workers continue to hold the burden of proof with respect to major contributing cause in occupational disease cases involving combined conditions, ORS 656.802(2)(a); ORS 656.266(2)(b), situations will continue to arise in which "the worker has failed to establish that a work-related incident was the major contributing cause" of his or her disability or need for treatment—entitling him or her to "pursue a civil negligence action" under ORS 656.019. Additionally, we note that, although the statute refers repeatedly to the term "injury," that language does not limit the statute's application. *See* ORS 656.804 ("Subject to ORS 656.005(24) and 656.266(2), an occupational disease, as defined in ORS 656.802, *is considered an injury* * * * except as otherwise provided in ORS 656.802 to 656.807." (Emphasis added.)).

That said, we acknowledge that the legislature's use of the term "injury" throughout ORS 656.019, the unique nature and timing of the addition of that statute to SB 485, *see* 258 Or App 776-79, and the legislative history's indication that ORS 656.019 was designed to remedy the

constitutional problem addressed in *Smothers* suggest that the legislature may very well have intended that the statute apply broadly consonant with plaintiff's proffered construction. Nevertheless, given that ORS 656.019, as enacted, is not "meaningless," and given that the plain text is susceptible to only one interpretation, we simply cannot alter that interpretation—whatever the legislative history may suggest. *See Gaines*, 346 Or at 173 ("When the text of a statute is truly capable of having only one meaning, no weight can be given to legislative history that suggests—or even confirms—that legislators intended something different.").

Accordingly, we conclude that plaintiff was not entitled to bring his civil negligence action under ORS 656.019, given that, before the ALJ, he did not "fail[] to establish" that the work incident was the major contributing cause of the disability or need for treatment resulting from his combined condition. Rather, *defendant* succeeded in proving, under ORS 656.266(2)(a), that "the otherwise compensable injury [was] not * * * the major contributing cause" of plaintiff's disability or need for treatment. We therefore reject plaintiff's reliance on ORS 656.019 as a basis for subject matter jurisdiction and turn to his constitutional argument and the analysis set forth in *Smothers*.

As set forth above, *Smothers* enunciated a two-part test, to be applied on a "case-by-case" basis, applicable to potential remedy clause violations:

> "[I]n analyzing a claim under the remedy clause, the first question is whether the plaintiff has alleged an injury to one of the absolute rights that Article I, section 10 protects. Stated differently, when the drafters wrote the Oregon Constitution in 1857, did the common law of Oregon recognize a cause of action for the alleged injury? If the answer to that question is yes, and if the legislature has abolished the common-law cause of action for injury to rights that are protected by the remedy clause, then the second question is whether it has provided a constitutionally adequate substitute remedy for the common-law cause of action for that injury."

332 Or at 124. Applying that test, the court held that the plaintiff in *Smothers*—who had suffered respiratory conditions

and other ailments allegedly due to exposure to chemical fumes at work, but who was left without a remedy under the workers' compensation scheme due to his failure to prove that work was the major contributing cause of his disability or need for treatment—having "alleged an injury of the kind that the remedy clause protects, and having demonstrated that there was no remedial process available under present workers' compensation laws, * * * should have been allowed to proceed with his negligence action" notwithstanding ORS 656.018. *Id.* at 136.

Defendant, as an initial matter, argues that this case must be distinguished from *Smothers*—relying again on the allocation of the burden of proof as to major contributing cause in asserting that "the application of ORS 656.018 in this case would not violate Article I, section 10." Specifically, defendant argues that, because plaintiff brought an injury, rather than an occupational disease, claim, he was not "saddled by the 'major contributing cause' standard" applicable in *Smothers*. Further, citing *Lawson*, 339 Or 253, defendant analogizes ORS 656.018 to an "affirmative defense" and argues that "[t]he Legislature's decision to provide employers with what is similar to an affirmative defense does not violate Article I, section 10." (Footnote omitted.) However, in advancing those arguments, defendant misses the essence of *Smothers*. Although that case was decided prior to the aforementioned amendment to ORS 656.266 respecting the burden of proof as to major contributing cause, its ultimate conclusion—that the exclusive remedy provision of ORS 656.018 was unconstitutional as applied to a worker left "with no process through which to seek redress for an injury for which a cause of action existed at common law"—is no less applicable where the burden of proof before the agency is shifted to the employer. 332 Or at 135; *see also Olsen v. Deschutes County*, 204 Or App 7, 20-21, 127 P3d 655, *rev den*, 341 Or 80 (2006) ("The relevant foundational principles underlying the holding in *Smothers* * * * lead inevitably to the conclusion that any legislation limiting a worker who alleges negligence against his or her employer for failure to provide a safe workplace to the remedies afforded by the workers' compensation system cannot constitutionally be applied when the workers' compensation system provides no

remedy at all."). Accordingly, we reject defendant's constitutional arguments without further discussion.

Applying the *Smothers* analysis here, we conclude that only plaintiff's first claim for relief (violation of the OSEA) is not protected by the remedy clause; plaintiff's remaining claims (which, as explained below, simply constitute two "counts" of negligence) are both constitutionally protected and, pursuant to *Smothers*, are actionable notwithstanding the exclusive remedy provision of ORS 656.018.

First, plaintiff's third claim for relief (negligence) was undoubtedly recognized at common law, and, given that it is nearly identical to the plaintiff's claim in *Smothers*, we do not hesitate to conclude that it falls within the scope of Article I, section 10. *See, e.g., Olsen*, 204 Or App at 20-21 ("[A]t common law, a worker had a cause of action for negligence, and hence a remedy for injury, against an employer for failure to provide a safe workplace."). Plaintiff's claim for negligence, as noted, alleges in pertinent part that defendant required plaintiff to use a footstool "without adequate nonskid footings" and required that he perform his job in an unsafe manner. In other words, in his third claim for relief, plaintiff effectively alleged that, as in *Smothers*, defendant "fail[ed] to provide a safe workplace and fail[ed] to warn of dangerous working conditions to which the employee would be exposed." *Smothers*, 332 Or at 129. Consequently, in this case, as in *Smothers*, because the legislature—via the exclusive remedy provision of ORS 656.018—abolished plaintiff's right to seek redress for injury allegedly caused by defendant's negligence, plaintiff was constitutionally entitled "to proceed with his negligence action." *Id.* at 136.

Plaintiff's second claim for relief (negligence *per se*) is protected by the remedy clause for the same reason; in fact, under our case law, plaintiff's "claim" for negligence *per se* is simply a second "count" of negligence—not a separate claim for relief. *See Kim v. Multnomah County*, 328 Or 140, 144 n 1, 970 P2d 631 (1998) ("[The] [p]laintiffs' complaint alleges negligence and negligence *per se*, which are simply alternative legal theories of liability for negligence. The complaint, therefore, properly is viewed as stating two *counts* but not, as

plaintiffs sometimes erroneously state, as stating two separate claims for relief." (Citation omitted; emphasis in original.)). Although the Supreme Court has expressly stated that "[t]he phrase 'negligence *per se*' can apply only to cases brought on a theory of liability for negligence rather than liability grounded in obligations created by statute[,]" *Shahtout v. Emco Garbage Co.*, 298 Or 598, 601, 695 P2d 897 (1985), here, plaintiff's "theory of liability" is indeed negligence. That is, although plaintiff's second "claim" relies in part on standards of care established by the OSEA, it ultimately alleges, simply, that defendant failed to provide plaintiff with safe equipment and required that plaintiff perform his work in a dangerous manner. Boiled down to its essence, that "claim" effectively reiterates plaintiff's third claim alleging negligence and, accordingly, is protected by the remedy clause. *See Smothers*, 332 Or at 129 (cause of action for "failure to provide a safe workplace and failure to warn of dangerous working conditions" protected by the remedy clause).

Plaintiff's first claim (violation of the OSEA), however, does not fit within the *Smothers* framework. Simply put, the OSEA is a statutory scheme, enacted in 1973, Or Laws 1973, ch 833, that did not exist at common law. Plaintiff may well be correct in contending that "the court may consider the statutory provisions of the [OSEA] as part of the 'legal standard[s] of conduct' forming the basis of duties in plaintiff's negligence claim." However, for purposes of the remedy clause, we look to the "cause of action" at issue, *Smothers*, 332 Or at 129, and violation of a statute that postdates the drafting of the Oregon Constitution by over 100 years is simply not a cause of action that would have been available at common law. Accordingly, ORS 656.018 may properly be applied to bar plaintiff's claim for defendant's alleged violation of the OSEA.

In sum, the plain text of ORS 656.019 leaves plaintiff outside of its scope given that he did not "fail[] to establish" that the work incident was the major contributing cause of the disability or need for treatment of his combined condition. However, pursuant to the remedy clause of Article I, section 10, plaintiff was nevertheless constitutionally entitled to bring

his civil negligence claims in circuit court, with the exception of his claim for defendant's alleged violations of the OSEA. The trial court therefore erred in dismissing plaintiff's second and third claims for relief on the ground that they were barred by ORS 656.018.

Judgment reversed as to plaintiff's second and third claims for relief; otherwise affirmed.