Argued and submitted March 11, 2022, reversed and remanded May 10, 2023

Linda Jean PREBLE,
*Plaintiff-Appellant,*

*v.*

CENTENNIAL SCHOOL DISTRICT, NO. 287,
a Portland, Oregon, School District,
*Defendant-Respondent.*

Multnomah County Circuit Court
16CV10909; A174811

530 P3d 497

Plaintiff appeals from a judgment entered after the trial court concluded that plaintiff could not pursue a civil negligence claim against her employer, brought after her workers' compensation claim was deemed noncompensable. She contends that her situation is distinguishable from *Alcutt v. Adams Family Food Services, Inc.*, 258 Or App 767, 311 P3d 959 (2013), *rev den*, 355 Or 142 (2014), in which the Court of Appeals held that the plaintiff could not pursue a civil action as provided under ORS 656.019 where the plaintiff offered no evidence to the workers' compensation tribunal that work was the major contributing cause of his injury. Here, by contrast, plaintiff did offer evidence that work was the major contributing cause of her injury. *Held*: Where a worker offers evidence that work was the major contributing cause of a combined condition, but the administrative law judge or Workers' Compensation Board finds that evidence less persuasive than the employer's contrary evidence, the worker has "failed to establish that a work-related incident was the major contributing cause of the worker's injury" such that the worker may pursue a civil action under the limitations set out in ORS 656.019. Plaintiff falls within those who can pursue a civil action in the manner described in ORS 656.019.

Reversed and remanded.

Leslie G. Bottomly, Judge.

Julene M. Quinn argued the cause and filed the briefs for appellant.

Blake H. Fry argued the cause for respondent. Also on the brief was Hart Wagner LLP.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed and remanded.

**ORTEGA, P. J.**

This appeal presents a question that was left open the first time this case was before us, in *Preble v. Centennial School Dist. No. 287*, 298 Or App 357, 447 P3d 42 (2019) (*Preble I*): whether plaintiff's civil negligence claim against her employer, brought after her worker's compensation claim was deemed noncompensable, is foreclosed by our holding in *Alcutt v. Adams Family Food Services, Inc.*, 258 Or App 767, 311 P3d 959 (2013), *rev den*, 355 Or 142 (2014). In *Alcutt*, we held that an injured worker could not pursue a civil action following a noncompensability determination as provided under ORS 656.019 where that injured worker had not "failed to establish" that the work incident at issue was the major contributing cause of his combined condition, having made no attempt to do so at the workers' compensation hearing. On remand in this case, the trial court concluded that plaintiff's claim, like the claim in *Alcutt*, did not meet the parameters for pursuing a civil action set forth in ORS 656.019, and granted summary judgment to defendant. We disagree with the trial court; here, unlike in *Alcutt*, plaintiff did attempt to and "failed to establish" that the work incident was the major contributing cause of her combined condition. Because we conclude that plaintiff may pursue her claim under ORS 656.019, we reverse and remand.

## I.   BACKGROUND

We state the following facts and case history as set out in *Preble I*:

"Plaintiff worked as an educational assistant for defendant, a public school district. On November 8, 2013, a child riding a scooter crashed into plaintiff, injuring plaintiff's knee. Plaintiff filed a workers' compensation claim for the work-related injury to her knee. Defendant denied the claim on the ground that hers was a combined condition resulting from the scooter accident in conjunction with a long-term degenerative knee condition, and the scooter accident that occurred at work was not the major contributing cause of the resulting combined condition. *See* ORS 656.005(7)(a)(B) (a combined injury is compensable only if the compensable injury is the 'major contributing cause'). Plaintiff requested a hearing at which she offered expert testimony that the

work-related scooter accident was the major contributing cause of her condition. The Workers' Compensation Board (board) ultimately found that plaintiff's evidence was not as persuasive as defendant's. On October 30, 2015, the board upheld defendant's denial because the work-related scooter accident was not the major contributing cause of her combined condition.

"On March 31, 2016, plaintiff filed a complaint for negligence against defendant for damages resulting from the scooter accident at work. It is undisputed that plaintiff filed that complaint within 180 days of the board's denial of her claim, but more than two years from the date of her injury. Plaintiff alleged in her complaint that the action had been timely commenced under ORS 656.019(2)(a). Defendant responded with a motion to dismiss on the ground that the action was time barred. According to defendant, the two-year limitation period in ORS 30.075(9)—not the longer limitation period of ORS 656.019(2)(a)—controls. The trial court agreed with defendant and dismissed the complaint."

298 Or App at 359-60.

In plaintiff's appeal in *Preble I*, we assumed that either of two statutory limitation periods—one in ORS 30.070(9) and the other in ORS 656.019(2)—could apply to plaintiff's negligence claim against her employer. Because the two statutes were irreconcilably different, we applied standard rules of statutory construction to conclude that the more specific and later-enacted ORS 656.019(2) took precedence. 298 Or App at 368-70. As ORS 656.019(2) contained the longer limitation period, under which plaintiff's claim would have been timely, we reversed and remanded on that basis.

In *Preble I*, defendant, relying on *Alcutt*, also argued that plaintiff could not pursue her claim under ORS 656.019. We declined to address that alternative argument because the issue had not been raised in the trial court. *Preble I*, 298 Or App at 369-70. On remand, the parties litigated whether plaintiff's claim is foreclosed by *Alcutt*'s construction of ORS 656.019; the trial court concluded that plaintiff's claim was not permissible under ORS 656.019, as construed in *Alcutt*, and granted summary judgment to defendant.

Plaintiff again appeals, arguing, among other things, that this case is distinguishable from *Alcutt* so she may assert her claim under ORS 656.019. In *Alcutt*, the plaintiff offered no evidence at the workers' compensation hearing that would have supported a compensability determination; here, plaintiff did offer evidence that her work injury was the major contributing cause of her combined condition. In plaintiff's view, an injured worker who offers evidence at the worker's compensation hearing that is ultimately regarded as unpersuasive has tried but "failed to establish" compensability and thus may pursue a civil negligence claim under ORS 656.019. As to that argument, defendant responds that (1) it was not preserved, (2) plaintiff conceded below that *Alcutt* applies, and (3) *Alcutt* applies only to occupational disease cases, not to injury cases like this one. As explained below, we agree with plaintiff and reject each of defendant's counterarguments.

## II. DISCUSSION

This case turns on the construction of ORS 656.019:

"(1)(a)  An injured worker may pursue a civil negligence action for a work-related injury that has been determined to be not compensable because the worker has failed to establish that a work-related incident was the major contributing cause of the worker's injury only after an order determining that the claim is not compensable has become final. The injured worker may appeal the compensability of the claim as provided in ORS 656.298 (Judicial review of board orders), but may not pursue a civil negligence claim against the employer until the order affirming the denial has become final.

"(b)  Nothing in this subsection grants a right for a person to pursue a civil negligence action that does not otherwise exist in law.

"(2)(a)  Notwithstanding any other statute of limitation provided in law, a civil negligence action against an employer that arises because a workers' compensation claim has been determined to be not compensable because the worker has failed to establish that a work-related incident was the major contributing cause of the worker's injury must be commenced within the later of two years from the date of injury or 180 days from the date the order affirming

that the claim is not compensable on such grounds becomes final.

"(b)   Notwithstanding paragraph (a) of this subsection, a person may not commence a civil negligence action for a work-related injury that has been determined to be not compensable because the worker has failed to establish that a work-related incident was the major contributing cause of the worker's injury, if the period within which such action may be commenced has expired prior to the filing of a timely workers' compensation claim for the work-related injury."

To recount background with which many readers are already familiar, in *Smothers v. Gresham Transfer, Inc.*, 332 Or 83, 135, 23 P3d 333 (2001), the Supreme Court held that the exclusive remedy provisions of ORS 656.018 were unconstitutional under Article I, section 10, of the Oregon Constitution, as applied to a combined condition workers' compensation claim that had been denied under the major contributing cause requirement.[1] Shortly after *Smothers* was decided, the legislature added the provision that ultimately became ORS 656.019 to an already-pending workers' compensation bill, using the same description of the still-viable negligence claim as that used by the Supreme Court: a negligence action for a workplace injury denied for failure to meet the major contributing cause standard. *Bundy v. Nustar GP LLC*, 317 Or App 193, 204, 506 P3d 458, *rev allowed*, 370 Or 197 (2022) (*Bundy III*).[2]

As we explained in *Bundy III*, 317 Or App at 195, 202-06, ORS 656.019(1) creates a procedural limit on when the claims described in the statute may be brought; it does not provide a substantive exception to the exclusive remedy

---

[1] The parties do not argue, and we do not perceive, that the Supreme Court's decision in *Horton v. OHSU*, 359 Or 168, 376 P3d 998 (2016), affects the analysis or decision of this case. *See Bundy v. NuStar, GP LLC*, 362 Or 282, 289 n 10, 407 P3d 801 (2017) (*Bundy I*):

"This court in *Horton* overruled the construction of the remedy clause on which *Smothers* relied. 359 Or at 218. But *Horton* did not specifically overrule *Smothers*'s ultimate holding that injured workers who 'receive no compensation benefits' have a constitutional right to pursue a civil action for their injury."

[2] *Bundy* had previously been before this court and before the Oregon Supreme Court for reasons unrelated to the issues presented by this appeal.

provisions of the workers' compensation scheme.[3] Put simply, injured workers who fall within ORS 656.019 must pursue their workers' compensation claims to finality before pursuing a civil action; the time limitations in ORS 656.019(2)(a) then apply to those civil claims. And, as we explained in *Alcutt*, not all injured workers fall within ORS 656.019, only those who "fail[] to establish that the work incident was the major contributing cause" of their combined condition. 258 Or App at 782. In this case, the parties dispute whether plaintiff falls within ORS 656.019(1)(a); to resolve that dispute, we must ascertain the meaning of that provision.

Before embarking on that endeavor, we address two preliminary arguments raised by defendant, namely that plaintiff either has already conceded or has failed to preserve the argument she makes on appeal. First, defendant argues that plaintiff conceded to the trial court that *Alcutt*'s construction of ORS 656.019(1)(a) controls the disposition of this case. Our review of the record reveals no such concession. While the bulk of plaintiff's arguments on summary judgment address her contention that *Alcutt* was wrongly decided, she did not state that her case depends on our agreement with that contention.

Second, defendant argues that we do "not have the discretion to consider" an argument for construing ORS 656.019(1)(a) that plaintiff raises for the first time on appeal. Appellate courts have a duty to correctly interpret a statute, and we are responsible for identifying the correct interpretation regardless of the arguments and interpretations offered by the parties, even when the correct interpretation is not offered by any party. *See, e.g., State v. A. B. K.*, 323 Or App 246, 248, 522 P3d 894 (2022) (citing *Strasser*

---

[3] At least two cases that preceded *Bundy III* contain dicta that could be read in a vacuum to assume that ORS 656.019(1)(a) authorizes a claim. *See Preble I*, 298 Or App at 369 (noting that defendant had argued that "ORS 656.019(1) did not authorize her to file the claim in the first place"); *Alcutt*, 258 Or App at 780-82 (discussing whether ORS 656.019(1) "entitled" the plaintiff to bring a civil negligence action; concluding that ORS 656.019 did not provide a "basis for subject matter jurisdiction" for the plaintiff's claims). Neither *Preble I* nor *Alcutt* presented the question whether ORS 656.019(1) authorizes a claim or only imposes procedural requirements on claims authorized elsewhere. Under the current understanding of ORS 656.019(1), that provision cannot independently authorize claims. Any suggestion in previous cases that ORS 656.019(1) creates or authorizes a cause of action does not survive *Bundy III*.

*v. State of Oregon*, 368 Or 238, 260, 489 P3d 1025 (2021); *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997)). Moreover, although contesting preservation, defendant has responded to the substance of plaintiff's arguments about the proper construction of ORS 656.019(1)(a), such that considering the parties' arguments does not violate the purposes of fairness and efficiency. *See State v. McDonald*, 168 Or App 452, 458, 7 P3d 617, *rev den*, 331 Or 193 (2000) (considering alternative argument raised for the first time on appeal).

Although this matter was resolved on summary judgment, the facts are undisputed, and we accordingly review for errors of law. *Chaimov v. Dept. of Admin. Services*, 314 Or App 253, 256, 497 P3d 830 (2021), *aff'd*, 370 Or 382, 520 P3d 406 (2022). When addressing an issue of statutory construction, we follow the analytical framework described in *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009), with the "'paramount goal' of discerning the intent of the legislature." *Simi v. LTI Inc. - Lynden Inc.*, 368 Or 330, 336, 491 P3d 33 (2021) (quoting *Gaines*, 346 Or at 171-72). We primarily consider the text and context of the provision at issue, as the legislature's words are the best expression of its intent; we also consider legislative history when it appears useful to our analysis. *Simi*, 368 Or at 336.

ORS 656.019(1)(a) expressly applies when a "worker has failed to establish that a work-related incident was the major contributing cause of the worker's injury." Plaintiff contends that a worker "fail[s] to establish" that when she offers evidence that a work-related incident was the major contributing cause of her need for treatment, but the tribunal finds her evidence less persuasive than the employer's contrary evidence. Defendant argues that plaintiff's proposed construction is foreclosed by *Alcutt*; under that case, defendant urges, the only workers who can "fail[] to establish" are those who assert that occupational disease, not workplace injury, is the major contributing cause of their need for treatment.

In *Alcutt*, the plaintiff fell off a stool at work and subsequently sought treatment for back and neck pain. 258 Or App at 770. We noted that all four medical experts, including the plaintiff's own expert, opined at the hearing

that preexisting degenerative disc disease, not the workplace incident, was the major contributing cause of the plaintiff's disability and need for treatment. *Id.* at 771. The ALJ, in upholding the defendant's denial of the claim, described the state of the record:

> "All of the medical experts offering a causation opinion in this case (including [the plaintiff's]) ultimately opined that the major contributing cause of [the plaintiff's] disability/need for treatment was the preexisting condition, not the work incident."

*Id.* (internal quotation marks omitted). Under those circumstances—in which the plaintiff did not engage in an effort at the hearing to demonstrate that his need for treatment was work-related—we concluded that the plaintiff had not "failed to establish" that a work incident was the major contributing cause of his need for treatment. *Id.* at 782. Thus, *Alcutt* held that workers who, at their hearings, do not endeavor to show that work is the major contributing cause of their need for treatment for a combined condition do not fall within ORS 656.019.

Defendant characterizes the holding of *Alcutt* differently. In its view, *Alcutt* held that ORS 656.019 applies only to occupational disease combined condition cases, because only in those cases does the worker retain—and, accordingly, only in those cases could be said to "carry"—the burden of proof. *See* ORS 656.266(2)(a) (once a worker establishes an otherwise compensable injury, the employer has burden of proof that the injury is not the major contributing cause of the combined condition). Defendant misreads *Alcutt.*

*Alcutt* did not hold that ORS 656.019 applies only in occupational disease combined condition cases. In response to an argument of the plaintiff's, we suggested in *Alcutt* that ORS 656.019 would apply to occupational disease cases, 258 Or at 781-82, but did not hold that occupational disease cases were the *only* cases in which ORS 656.019 could apply.

As to which party has the burden of proof, it is true that, as a result of the same bill that led to the enactment of ORS 656.019, the employer now has the burden to prove

that an otherwise compensable injury is not the major contributing cause of a combined condition. ORS 656.266(2)(a). It is also true that our opinion in *Alcutt* employed variations on the term "carried its burden of proof"—but we did so only when quoting the trial court ruling or quoting or summarizing the parties' arguments. 258 Or App at 772-77, 781, 783. By contrast, each time we stated our holding in *Alcutt*, we were careful to use the statutory phrase "failed to establish"; we did not insert the "burden of proof" wording that the legislature had not used. *Id.* at 780, 782, 785.

Notably, the legislature demonstrated that it knows how to refer to which party has the burden of proof by using that phrase in the same legislation that led to ORS 656.019. If the legislature had intended the application of ORS 656.019 to turn on which party had the burden of proof in the abstract, it could have said so. It did not. Nor did we hold in *Alcutt* that workers, who never have the burden of proof on major contributing cause in injury cases, never can "fail to establish" that work was the major contributing case of their need for treatment.

Simply because a party is not assigned the initial burden of proof does not mean that the party cannot attempt to prove their own position. That is, the party may produce evidence on a particular fact in an attempt to convince the trier of fact that the alleged fact is true. *See Marvin Wood Products v. Callow*, 171 Or App 175, 179, 14 P3d 686 (2000) (describing production and persuasion components of the burden of proof). That is what happened at the hearing before the ALJ here: Defendant met its initial burden of production by offering evidence that plaintiff's preexisting degenerative knee condition was the major contributing cause of her need for treatment. Plaintiff then had the opportunity to meet defendant's evidence—which she did, by producing her own evidence that the work incident was the major contributing cause. Therein lies the key distinction between this case and *Alcutt*: At the hearing in *Alcutt*, the plaintiff did not engage in an effort to establish a basis for his theory, while here plaintiff did engage in such an effort. Because the board found plaintiff's evidence less persuasive, she ultimately failed to establish her theory of causation.

Where a worker offers evidence that work was the major contributing cause of a combined condition, but the ALJ or board finds that evidence less persuasive than the employer's contrary evidence, the worker has "failed to establish that a work-related incident was the major contributing cause of the worker's injury" such that the worker may pursue a civil action under the limitations set out in ORS 656.019. Plaintiff falls within those who can pursue a civil action in the manner described in ORS 656.019.

Reversed and remanded.